Warwick *v.* Ely.

---

## WILLIAM WARWICK

### *v.*

### ENOCH A. ELY and others.

A mortgage for $5,000 was given by E. on two hundred acres of land. Afterwards E. sold twenty-one acres thereof to J., who expressly assumed and agreed to pay the $5,000 mortgage, and, also, gave to E. a mortgage for $4,000 to secure part of the purchase-money. E. then conveyed nineteen additional acres to J., with a stipulation in his deed that E. should hold the nineteen acres as further security for the $5,000 mortgage. W. holds both mortgages by assignment.—*Held*, that the tract of twenty-one acres must be sold before that of nineteen acres in order to satisfy the $5,000 mortgage, and that the agreement in the deed for the nineteen acres was solely for E.'s security, and does not enure to the benefit of W., the holder of the $4,000 mortgage, as between him and a subsequent purchaser of both tracts.

Bill to foreclose. On final hearing on pleadings and proofs.

*Mr. S. M. Schanck,* for complainant.

*Mr. J. Wilson,* for Enoch A. Ely and wife.

THE CHANCELLOR.

On the 30th of March, 1869, Enoch A. Ely was the owner in fee of a farm of about two hundred acres in Mercer county. On that day he gave a mortgage for $5,000 and interest upon the whole property to Paul Tulane.

On the 20th of February, 1872, he conveyed a tract of twenty-one acres, part of the farm, to John W. Ely, subject to the mortgage of Tulane, which the grantee thereby assumed to pay and discharge in full, it having been computed and allowed to him as so much of the consideration ($15,000) of the conveyance to him. To secure the payment of $4,000 more of the purchase-money, John W. Ely, on the same day, gave to Enoch A. Ely a mortgage for that sum and interest, on the tract so conveyed to him.

On the 12th day of March, 1874, Enoch A. Ely conveyed to him another tract out of the farm, a parcel of nineteen acres. The deed for this tract contains the following agreement:

"And it is agreed between the parties to this deed that the said Enoch A. Ely holds the land hereby conveyed as surety for the more sure payment of the mortgage of $5,000 referred to in the said deed for twenty-one acres (reference is made to the deed from Enoch A. Ely and wife to John W. Ely for that land), and which said mortgage said John W. Ely assumed and agreed to pay off and discharge. It is understood that the land hereby conveyed is to be free from all encumbrances upon the payment of the said mortgage by the said John W. Ely, his heirs and assigns."

On the 20th of April, 1876, John W. Ely conveyed both of the tracts so conveyed to him to Alice Amanda Ely, wife of Enoch A. Ely. The conveyance to her was made

expressly subject to the two mortgages above mentioned. The complainant is the holder, by assignment, of both of the mortgages.   On the 27th of December, 1869, previously to the execution of the above-mentioned deeds, Enoch A. Ely and his wife conveyed another part (about fifteen acres) of the farm to Thomas Lowry, and on the 11th of February, 1870, (also previously to the making of those deeds) he conveyed another part of the farm, about six acres, to Lowry. By the last-mentioned deed he agreed to discharge the land thereby conveyed from the encumbrance of the Tulane mortgage.

On the 8th of August, 1872, Enoch A. Ely and his wife conveyed to Thomas Page Goodher another part (about two acres and a half) of the farm.   The question presented for consideration is as to the order in which the two tracts of twenty-one and nineteen acres respectively shall be sold to pay the Tulane mortgage.   By the deed to him for the twenty-one acres, John W. Ely assumed the payment of the Tulane mortgage, and expressly agreed to pay it off.   The tract of nineteen acres was conveyed to him subsequently. By the deed for that tract he agreed that the grantor should hold it as security for the Tulane mortgage, and it was further agreed between the parties to the deed that the land was conveyed free from all encumbrance except that mortgage.   The effect of this agreement was that the nineteen acres should stand as security in the hands of the grantee, for the Tulane mortgage; that is to say, that it should be to the grantor additional security that the grantee would fulfill his agreement made in the previous conveyance to him of the tract of twenty-one acres.   As between Enoch A. Ely and John W. Ely's grantee, the former has a clear right to have both tracts sold, if necessary, to raise the money due on the Tulane mortgage, for both are expressly pledged to that object.

John W. Ely's grantee took title from him to the tract of twenty-one acres with full knowledge that the land was not only subject to the Tulane mortgage, but that, on

the conveyance to John W. Ely, he had assumed the full payment of that mortgage in discharge of so much of the purchase-money which he had agreed to pay for the land. The fact that on the conveyance of the tract of nineteen acres to John W. Ely, it was expressly agreed that the grantor should hold that land as further security for the payment by John W. Ely, his heirs and assigns, of the Tulane mortgage, to which it was already subject, did not shift the burden of discharging the Tulane mortgage from the tract of twenty-one acres to the tract of nineteen acres. Both tracts are subject to the Tulane mortgage, while the former is alone subject to the $4,000 mortgage. Mrs. Ely, as the owner of both tracts, claims the right to have the tract of twenty-one acres sold first. The complainant objects to this order of sale. His objection must be based on the ground that if it be decreed that the tract of nineteen acres shall be first sold to pay the Tulane mortgage, the security of the $4,000 mortgage held by him, and which is on the lot of twenty-one acres alone, will be greatly strengthened. Mrs. Ely, when she took her conveyance of both lots, had a right to rely for her protection against the encumbrance of the Tulane mortgage on the tract of nineteen acres, upon the effect of the agreement to pay the Tulane mortgage which was made by John W. Ely on taking the conveyance of the tract of twenty-one acres, which was to make that tract liable to be sold before the tract of nineteen acres to pay that mortgage. *Wyckoff* v. *Davis*, 3 *Gr. Ch.* 224; *Black* v. *Morse*, 3 *Hal. Ch.* 509; *Hill's adm'r* v. *McCarter*, 12 *C. E. Gr.* 41.

The mortgage of $4,000 was taken by Enoch A. Ely on the tract of twenty-one acres, and it is a lien on no other part of the farm. He held it subject to the agreement of the mortgagor to pay off the Tulane mortgage. His assignee, the complainant, so holds it, also. The complainant has no equity to throw the burden of the $4,000 mortgage on the tract of nineteen acres in exoneration of the tract of twenty-one acres. The fact that it was agreed

between Enoch A. Ely and John W. Ely that the former should hold the tract of nineteen acres as further or additional security for the payment by the latter of the Tulane mortgage, gives him no equity to have that land sold first. The equity is the other way. The decree will provide that the tract of twenty-one acres shall be sold first to pay the Tulane mortgage.