### THOMAS S. HILES

*v.*

### JOSEPH COULT and others.

Where the grantee of a mortgagor conveys the mortgaged premises in different parcels, and the grantees of such parcels again convey them in parcels,—*Held*, that the grantees of the latter parcels are liable to pay the share of the mortgage debt chargeable on the part of the mortgaged premises of which the premises conveyed to them are part, in the inverse order of conveyance to them.

---

Bill to foreclose. On petition to open final decree, &c.

*Mr. C. J. Roe*, for petitioners.

*Mr. L. Cochran*, for complainant.

THE CHANCELLOR.

By the final decree in this cause, it is directed that a certain part of the mortgaged premises, which was conveyed by Joseph Coult and his wife to Isaac A. Walker, on the 1st of July, 1868, be sold to raise a part of the money due on the complainant's mortgage, which was, when the conveyance to Walker was made by Coult, an encumbrance on that and

other land. Walker, subsequently, by two deeds, one dated January 18th, 1869, and the other dated February 4th in that year, conveyed two parcels of the property to the petitioners. On the 20th of November following, he conveyed the rest of the property to the complainant, who, on the 16th of September, 1876, conveyed it to Mary E. Schofield. The petition prays that the decree may be so amended as to direct that the property be sold to raise the before-mentioned proportion of the money due on the complainant's mortgage, with interest and costs, in inverse order of the conveyances; that is, that the part conveyed to and now held by Mary E. Schofield be sold for that purpose before the property of the petitioners. The conveyances by Walker were all by deeds of warranty, and neither the petitioner nor the complainant knew, at the time of taking the conveyances to them, of the existence of the mortgage now held by the complainant. They all, however, had constructive notice of it, it having been duly recorded.

It is the established rule of this court that, if a mortgagor sell the land covered by the mortgage in different parcels and at different times, the parcels shall be sold to raise the money to discharge the mortgage debt in the inverse order of their alienation. *Shannon* v. *Marselis, Sax.* 413. And this rule applies though the sales in parcels were made, not by the mortgagor, but by a person claiming under him. *Wikoff* v. *Davis,* 3 *Gr. Ch.* 224. It is applicable, also, to a case such as the present. When the petitioners bought the part of the property which was conveyed to them, it was subject to the mortgage, but the rest of the property remained in the hands of Walker, and, as between him and them, that part so retained by him was liable, in equity, to be first sold to pay the mortgage. It is to be regarded as having been then equitably charged with the payment of the mortgage debt, and the complainant, when he purchased it from Walker, took the place of the latter, and took the land so charged in equity. That land, now owned by Mary

E. Schofield, must, as between her and the petitioners, be first sold to raise the proportion of the mortgage debt, interest and costs, decreed to be raised by sale of the Walker property.