GEORGE R. GRAY, treasurer of the State of New Jersey,

*v.*

THOMAS S. HATTERSLEY and wife and JANE ALICE BISSETT and her husband et al.

1. Testator, by his will, devised certain land and premises to his son in fee, subject to the full payment by the son of a mortgage debt thereon and on other land and premises which testator further devised to his daughter. Afterwards testator executed a deed, conveying, for a nominal consideration, to his daughter a portion of the land covered by the mortgage and devised to his son,

Gray v. Hattersley.

·subject to a life estate expressly reserved for himself by testator, "and subject .also to encumbrance of mortgage." The deed also contained the usual cove- ·nants of seisin and warranty, "subject to incumbrances and the life estate here- inbefore mentioned," but no covenant against encumbrances.—*Held*, that the ·conveyance to testator's daughter was expressly subject to a proportionate share of the mortgage debt, and left the will otherwise unrevoked, and the result of the conveyance was a devise of the remainder of the mortgaged premises, not devised to the daughter, to testator's son, subject to a proportionate share of ·the mortgage debt, the charge and devise being coextensive.

2. The rule that a will for some purposes operates from its date, and for other purposes from the date of the testator's death, applies only to the ascer- tainment of the property which passes by it, and relates to the effect and operation of the will, rather than to its construction, but does not apply to a case where the meaning of the language is involved.

———

Heard on bill, answer, cross-bill and replication.

This is a bill to foreclose. No question arises upon the mort- gage. That is admitted by all the defendants. The contest is between the defendants Thomas S. Hattersley and his sister Mrs. Jane Alice Bissett.

The mortgage was executed by Charles Hattersley, the father of the defendants, in the year 1872, and covers two parcels of land, one a house and lot situate in the city of Trenton and the other a tract of land situate in Middlesex county. After the execution of this mortgage, and on the 16th day of April, 1884, Charles Hattersley made a will, of which he died testate, and which was afterwards admitted to probate. By that will he de- vised to his son Thomas S. Hattersley a portion of the mortgaged premises situate in Middlesex county and the house and lot in Trenton. The devise to Thomas was subject to the following proviso:

"Provided, nevertheless, that the said devise of the said tract of land in Raritan Township and house and lot aforesaid on Perry Street, unto said Thomas S. Hattersley in fee, is made upon condition, that the said Thomas S. Hattersley, and his heirs and assigns shall pay and satisfy a certain mortgage for six (6) thousand dollars heretofore made by me to the Commissioners of the Sinking fund of the State of New Jersey covering part of the premises above mentioned with interest and expenses and shall protect and save harm- less my said estate, real and personal, from any and all loss or damage and the ·bond and mortgage secured thereby, and in case he or they shall neglect or

fail so to do whereby any damage or loss shall result to my estate, then said. house, lands and premises, are to become a part of the residue of my estate hereinafter mentioned."

To his daughter Jane Alice Bissett (then Jane Alice Hattersley) he gave a house and lot in Middlesex county, which was a portion of the mortgaged premises there situate.

The residue of his estate he gave to his two daughters, Mrs. Chery and Jane Alice. Mrs. Chery died before the testator without leaving issue, and he consequently died intestate as to her one-half of the residue.

Subsequently, on the 17th of October, 1888, he made and executed a deed of conveyance to Jane Alice Bissett for four lots of land in Middlesex county, a portion of the land covered by the complainant's mortgage and devised to Thomas. This deed of conveyance was expressed to be in "consideration of natural love and affection and one dollar," and contains this clause, which follows the description of the lands:

"But this conveyance is made, given and accepted subject to a life estate in all the lands and premises intended hereby to be conveyed for the full term of the natural life of the said Charles Hattersley which he doth hereby expressly reserve for himself, *and subject also to incumbrance of mortgage.*"

It contains the usual covenants of seizin and warranty, but not against encumbrances, and following the covenants is the following: "Subject to encumbrances and the life estate hereinbefore mentioned."

The will and this conveyance are referred to in the bill of complaint.

The defendant Mrs. Bissett answers, and sets up in her answer and by way of cross-bill that Thomas Hattersley had filed a bill of complaint against her seeking to set aside the conveyance to her, which bill had been dismissed, and that he, Thomas, had also filed a second bill against her to compel her to elect whether to take the property conveyed to her by the deed in question or that devised to her by the will, which suit was still pending. Further, the cross-bill alleges that Thomas Hattersley was in possession of the house and lot in Trenton, devised to him, at the

Gray v. Hattersley.

time of the death of his father, under lease from him, and that he had continued in possession since his death, and had declined to pay any rent for it, and had thereby accepted the devise, and was bound by the terms of the will to pay the complainant's mortgage. It further alleges that the deed to Jane Alice was given in consideration of services rendered to her father in his family for many years, and that the insertion of the clause in the deed that she was to take it subject to the mortgage was done merely to protect her father against an action on the covenant of warranty, and was not intended to charge the property so conveyed with any portion of the mortgage debt as between the premises so conveyed and the premises not conveyed; and it prays that the Trenton property subject to the mortgage may be first sold to pay the amount due, and the balance only, if any, collected out of the Middlesex county property.

The answer of Thomas Hattersley to the cross-bill shows that by the death of Mrs. Chery, one of the residuary devisees in the testator's lifetime, he died intestate as to one-half of the residue, which accordingly descended to Thomas S. Hattersley, Jane Alice Bissett and Charles M. Hattersley. The answer denies that the conveyance was made in consideration of services rendered, but alleges that the whole of the consideration was love and affection. It says that the Trenton property subject to the mortgage is not sufficient in value to pay and discharge it, and contends that no forfeiture results and no equity arises to Mrs. Bissett until the estate of the testator shall suffer some loss or damage by reason of said bond and mortgage, and that the lands covered by the mortgage, including those in Middlesex county, are ample security for the amount due on it, and that by a payment of the said bond and mortgage by a sale of the land or some part thereof under these proceedings the condition of the devise is properly and adequately complied with, according to the meaning, spirit and intention thereof. And the answer alleges that it was the intention of the said testator, and is the spirit and meaning of the last will and testament, that the burden of paying the mortgage is imposed upon Thomas only, on condition that he shall have the whole of the lands so devised to him for that purpose; and he

14

submits that by the conveyance of a portion of the premises by the testator he, Thomas, was released and excused, *pro tanto* at least, from the performance of the condition and that Jane Alice, by accepting the deed with the clause subjecting said lands to the said mortgage, contracted and agreed that the lands should be liable to contribute towards the payment of the mortgage in proportion to their value; and, further, that Jane Alice, by claiming under her deed in derogation of Thomas's right under the will, is estopped from demanding the performance of the condition in the devise; and he submits that both tracts of land should be sold and that their relative value should be ascertained by such sale, and that the lands covered by the conveyance to Mrs. Bissett should pay their share of the mortgage debt.

The answer to the cross-bill further takes the point that the other children and devisees of the testator are necessary parties to the cross-suit, and prays that the cross-bill may be dismissed for want of such parties.

*Mr. Leon Abbett, Jr.,* for the complainant.

*Mr. John H. Backes,* for Thomas S. Hattersley.

*Mr. Woodbridge Strong,* for Mrs. Bissett.

Pitney, V. C.

The defendant Mrs. Bissett contends that the Trenton house and lot devised to her brother, the defendant Thomas ·S. Hattersley, should be first sold to pay the amount due on complainant's mortgage, and the Middlesex county property conveyed to her by her father, the mortgagor, should be held liable for no more than the deficiency arising after such sale.

The defendant Thomas, on the other hand, contends that the two several parcels should bear the burden of the mortgage ratably, in proportion to their respective values to be determined by their sale under execution.

Mrs. Bissett rests her claim on two grounds—*first,* that the conveyance to her was with full covenants of warranty; *second,*

Gray v. Hattersley.

that the mortgagor by his will cast upon Thomas the burden of paying complainant's mortgage, and that Thomas has accepted the devise.

Thomas answers to the first position that the conveyance to Alice, although by warranty, was without moneyed consideration and was made expressly subject to the encumbrance whereby it was subject to its proportionate share of the mortgage; and, to the second position, that it was his father's will that he should have both the parcels mortgaged, from and out of which to pay the mortgage debt, and that his father has not said or declared it to be his last will that he (Thomas) should pay it out of a portion only of the mortgaged premises, and that Alice, as grantee of a portion of the mortgaged premises, cannot be permitted to claim the benefit of the charge in question against the other portion.

The general rule that where the mortgagor or his grantee has conveyed away a portion or successive portions of the mortgaged premises, and the mortgagee forecloses, the several portions are to be held liable and sold in the inverse order of their conveyance is beyond question. It is based upon the intention of the parties, either expressed in the writings passing between them or implied from the facts and circumstances of the case. An unlimited covenant of warranty or against encumbrances contained in the first conveyance manifests an intention that the grantee shall have the land conveyed free from encumbrance, although a nominal consideration only be paid. *Gaskill* v. *Sine, 2 Beas. 400* (at *p. 402*); *Harrison* v. *Guerin, 12 C. E. Gr. 219* (at *p. 222*). So a conveyance of the land itself, as distinguished from the mere right, title and interest of the grantor, for a consideration representing the full value of the part sold, would seem to have the same effect. *Woolbert* v. *Lucas, 10 Barr. 73 ; Cooper* v. *Bigley, 13 Mich. 474.*

The grantor of such a conveyance would seem to be devoid of any equity to call upon his grantee to contribute toward the payment of the mortgage. And that seems to me to be the test, namely, can the grantor of a portion of the premises which are subject to a mortgage call upon the grantee to contribute towards

its extinguishment? If he cannot do so, then his grantee, devisee or heirs at law cannot, for they each stand in his shoes or, as it has been expressed, " sit in his seat."

The conveyance in this case from the mortgagor to Mrs. Bissett contained a covenant of warranty, but none against encumbrances, and was for a nominal consideration.. This, under the authority of *Gaskill* v. *Sine* and *Harrison* v. *Geurin*, would give it preference over the remaining property were it not for the clauses with regard to encumbrances. If it be admitted that the presence of the last of these clauses—that which follows the covenant of warranty—may be accounted for, as argued by Mrs. Bissett's counsel,. upon the idea that the grantee was merely providing against the possibility of an action at law, yet there still remains to be accounted for its previous insertion just after the description of the premises. The question arises, Why was it inserted there? and I can conceive of no reason for its insertion except to declare that the property conveyed must bear its just proportion of the encumbrances.

It is true that in the case relied upon, *Hoy* v. *Bramhall, 4 C. E. Gr. 563*, the language used was more explicit than that used here. There the words were : " Subject, however, to the payment by said grantee of all existing liens upon said premises," and I can find no case precisely like the one under consideration. But it seems to me that no less effect can be given to the words here used than was given to those used in *Hoy* v. *Bramhall*. To give them any less effect is, in my judgment, to disregard them entirely, which, of course, cannot be done.

The second ground taken by Mrs. Bissett's counsel—the provision contained in the will—seems to me to fall with the first. So far, of course, as relates to the portion of the mortgaged premises devised to Mrs. Bissett, there can be and is no dispute. The intention of the testator that she should have it free of the mortgage is clear. But I am unable to see how she is in a position which enables her to contend that the clause in question can be construed as relieving the land conveyed to her from the lien of the mortgage.

Gray v. Hattersley.

Counsel for the defendant argues that the deed must be construed in connection with the will which had already been made, and in view of the charge in question, and so construed, he argues, the result is to show an intention to convey the premises to Mrs. Bissett free of the mortgage. But it seems to me such is not the result of considering the two writings together—if that were admissible—but the contrary. I should infer that the testator meant to say: "I have devised this land, with other lands, to Thomas, charging him with the mortgage debt. I now convey a portion of it to you, Mrs. Bissett, subject to a proportionate share of the mortgage debt."

The intention of the testator as expressed in the will is clear. He intended his son should have all the mortgaged premises, except that devised to Mrs. Bissett, from and out of which to pay the mortgage debt. After so expressing himself in his will he conveyed away a portion of the land so devised, taking care, however, to leave it expressly subject to a proportionate share of the mortgage debt, and left his will otherwise unrevoked. The result was to devise the remainder of the mortgaged premises to Thomas, subject only to their proportionate share of the mortgage debt.

But counsel further argues that the will must be held to speak from testator's death, with the result that it must be construed in all respects as if the testator had devised to Thomas so much only of the mortgaged premises as he had not conveyed to Mrs. Bissett, and had charged him with the payment of the whole mortgage debt. I am unable to adopt that view. The rule that a will, for some purposes, speaks from its date, and for other purposes from the death of the testator, applies only to the ascertainment of the property which passes by it. It relates to the effect and operation of the instrument rather than to its construction. It has no application to a case where the meaning of language is involved. The intention of the testator here is clear, that the charge and devise were co-extensive. I am unable to see how a mere subsequent conveyance of a portion of the premises can change the plain meaning of the language.

I will advise a decree in accordance with these views.