This bill is filed to redeem a small tract of land from the lien of a mortgage held by the defendant Dreyer, who, by counter-claim, seeks to foreclose the mortgage against the parcel of land in question. The mortgage was originally in the sum of $5,400, but has been reduced to the sum of $2,300, certain portions of the mortgaged premises having been released upon such reduction. The mortgage came into the hands of Harry T. Mattice, as his wife's administrator, and he threatened foreclosure. To obviate such proceedings the complainant, the mortgagor, conveyed all of the remaining mortgaged premises except the small parcel, redemption of which is here sought, to Mattice, individually. The deed recited a consideration of one dollar and other good and valuable consideration, and contained this clause:
"The above-mentioned premises are conveyed subject to whatever mortgage liens, taxes and assessments there may be thereon."
It is obvious that the lien of the mortgage encumbrance was a part of the consideration for the lands thus conveyed, and there is nothing in the evidence to indicate that the mortgage was not to remain a common charge on both the land conveyed and that retained by the mortgagor. Mattice conveyed to Dreyer in January, 1921, and the deed to Dreyer contained this clause:
"Said premises are conveyed expressly subject to * * * the lien of mortgage given by the Stuyvesant Security Company to Joseph C. Lindsey, recorded in book V-20-245, on which there is now due the sum of $2,300 of principal." *Page 459 
At the same time, Mattice, as administrator, assigned the mortgage to Dreyer, who later conveyed three separate parcels out of the premises, still retaining a considerable portion of the lands conveyed to him by Mattice. The defendants contend that the portion of the mortgaged premises retained by the complainant mortgagor is primarily liable for the amount due on the mortgage, and that foreclosure of the mortgage against this portion should be now permitted, invoking the rule "that where a part of the mortgaged premises has been aliened by the mortgagor and a part retained by him, the part retained as between the mortgagor and his alienee, is primarily chargeable with the debt," and citing in support thereof 3 Pom. Eq. Jur. § 1224; Weatherby v.Slack, 16 N.J. Eq. 493, and Hoy v. Bramhall, 19 N.J. Eq. 563.
The complainant also relies on Hoy v. Bramhall. In addition to the cases cited by counsel I have carefully examined, among others, the following cases: Shannon v. Marselis, 1 N.J. Eq. 413; Wikoff v. Davis, 4 N.J. Eq. 224; Engle v. Haines,5 N.J. Eq. 186; affirmed, Ibid. 632; Stillman's Executors v.Stillman, 21 N.J. Eq. 126; Mount v. Potts, 23 N.J. Eq. 188;Hills, Administrator v. McCarter, 27 N.J. Eq. 41; Harrison v.Guerin, 27 N.J. Eq. 219; Warwick v. Ely, 29 N.J. Eq. 82;Hills v. Coult, 30 N.J. Eq. 40; Powell v. Griffith, 37 N.J. Eq. 384; Gray v. Hattersley, 50 N.J. Eq. 206; Daly v. Ely,51 N.J. Eq. 105; Davis v. Piggott, 56 N.J. Eq. 634; Thompson v.Bird, 57 N.J. Eq. 175; Jackson v. Condict, Ibid. 522;Chancellor v. Towell, 80 N.J. Eq. 223; Beardsley v. EmpireTrust Co., 96 N.J. Eq. 212.
These cases show clearly that the doctrine invoked by the defendants is never applied where it appears that the mortgage debt has been "shifted," either in whole or in part, to the lands conveyed by the mortgagor (Weatherby v. Slack, supra), or where its application would work an injustice. Chancellor v.Towell, supra. And as a general rule, the matter rests wholly in the agreement between the parties.
More than a century ago it was held that "if, by the terms of the sale, the mortgage is to remain a common charge upon the whole, and to be paid by the mortgagor and purchaser, without any specific agreement as to the proportion which *Page 460 
each one is to pay, they must contribute according to the relative value of each one's part." See opinion of Chancellor Williamson in Mickle v. Woodward (October term, 1822),Halst. Dig. 635. And in Engle v. Haines (1845), supra, it was held that "if the purchaser agrees with the mortgagor, that the part he buys shall be subject to the mortgage, and that the amount due on the mortgage shall be a part of the consideration he is to pay, equity will not interpose to subject the part of the mortgaged premises remaining in the mortgagor to be first sold." See, also, 3 Pom. Eq. Jur. § 1225.
Where it appears, therefore, that the lands conveyed by the mortgagor were conveyed expressly subject to the lien of the mortgage, the assumption of that lien being a part of the consideration for such conveyance and there being no agreement as to the exact apportionment of the mortgage between the specific portions of the property conveyed and retained by the mortgagor, both portions must contribute to the payment of the mortgage in proportion to their relative value as of the date of such conveyance. The undisputed testimony with respect to the value of the mortgaged premises at the time of the conveyance to Mattice is that the portion conveyed was of the value of from $4,000 to $4,500, and the value of that retained by the complainant mortgagor was $100. The case of Hoy v. Bramhall, supra, is the one presenting a situation most nearly analagous to that here shown and following the rule of that case the complainant should be permitted to redeem upon the payment to the present holder of the mortgage of the amount chargeable against the land retained, according to its relative value, as above suggested. Certainly the defendant Dreyer, the present holder of the mortgage, is not entitled to more. When on the witness-stand he was unable to recall the amount received by him for the three parcels of land which he conveyed. It was quite obvious that his memory was conveniently adjusted to the occasion, and I have no doubt that the truth would disclose that he has already received from such conveyances more than the amount due on this mortgage. UnderBeardsley v. Empire Trust Co., supra, if that fact were demonstrated, he would *Page 461 
not now be entitled to receive anything from the complainant. But as the fact rests only in surmise and is not shown by any positive testimony, I am obliged to give this defendant the benefit of the doubt, and complainant will therefore be permitted to redeem upon payment of one forty-sixth of the sum of $2,300, the amount due thereon at the time of the conveyance from Mattice to Dreyer, and the prayer of the counter-claim for foreclosure will be denied.