MILLS, Judge.
This is an appeal from a final judgment upon a complaint for declaratory judgment asking the trial court to determine the amount that the plaintiffs/appellants owe on a mortgage. We reverse in part and affirm in part.
The relevant facts of this case are that appellee Feltus Leinenweber purchased a piece of property in Duval County in 1970 and encumbered the property by executing a mortgage on it at that time. In 1978 he declared bankruptcy and the bankruptcy court determined that only part of that piece of property constituted Leinenweber’s homestead and ordered that the non-homestead portion be sold at a bankruptcy sale. Due to an erroneous belief that Leinenwe-ber owned only a one-half interest in the property, the trustee advertised and sold only a one-half interest on September 7, 1977. Subsequently, it was discovered that Leinenweber had owned a entire interest in the property and the second one-half interest was sold at a bankruptcy sale held on February 22, 1978. The purchasers at both *780 sales were the appellants, Ernest C. and Roslyn Wiggins (Wiggins), who paid $1,600.00 for the first one-half interest and $350.00 for the second.
As a result of the sales the property retained by Leinenweber and the property purchased by Wiggins were both subject to the same first mortgage lien. The documents relative to the sale, while stating that the property being sold was “subject to a valid and perfected first mortgage lien held by Jacksonville Federal Savings and Loan Association,” (emphasis supplied) did not expressly state whether the property being sold was subject to the entire mortgage lien or only a proportionate share.
I
Avoiding for the moment the procedural maneuverings involved in this case, the crux of the case taken before the trial court and argued before this court is that very question: Did Wiggins buy a portion of the entire parcel of property subject to the entire mortgage or did he buy a portion of the entire property subject to its proportionate share of the mortgage? The trial court determined that Wiggins’ portion was subject to the entire mortgage. We disagree and, for the reasons stated below, reverse the trial court on this question.
The starting point in our analysis is Ellis v. Fairbanks, 38 Fla. 257, 21 So. 107 (1897), wherein the Florida Supreme Court asserted:
It is a familiar doctrine, and sustained by many authorities, that where lands are mortgaged to secure a debt and a part of said lands are subsequently sold and conveyed by the mortgagor, the portion unsold is primarily liable under the mortgage. 21 So. at 108.
This rule is not applicable, however, where the sale is made expressly subject to the lien. When that occurs, the terms of the sale may expressly set forth the agreement as to the proportion which each part is to bear. Maurer v. Arab Petroleum Corp., 134 Tex. 256, 135 S.W.2d 87 (1940). In the absence of express agreement, however, the portions are, as between themselves, liable for their proportionate share of the debt based on their relative value on the date of conveyance. Stuyvesant Security Co. v. Dreyer, 103 N.J.Eq. 457, 143 A. 616 (1928), aff’d, 105 N.J.Eq. 585, 148 A. 920 (1930). See also Home Unity Savings and Loan Ass’n. v. Balmos, 192 Pa.Super. 542, 162 A.2d 244 (1960).
Our conclusion that Wiggins owes only a proportionate share of the mortgage does no violence to the rule of law that a purchaser at a foreclosure sale is presumed to have made allowances for prior liens in making his bid. Horne v. Smith, 368 So.2d 392 (Fla. 1st DCA 1979). Wiggins has at no time in the proceeding claimed that his property is not subject to the prior lien, nor has he denied that he made allowances for that prior lien in making his bids. His only contention is that his property is not subject to the entire prior lien, and with this contention we agree. As asserted in Stuyvesant Security Co. v. Dreyer, supra:
Where it appears, therefore, that the lands conveyed by the mortgagor were conveyed expressly subject to the lien of the mortgage, the assumption of that lien being a part of the consideration for such conveyance, and there being no agreement as to the exact apportionment of the mortgage between the specific portions of the property conveyed and retained by the mortgagor, both portions must contribute to the payment of the mortgage in proportion to their relative value as of the date of such conveyance. 143 A. at 617.
The case of Calverley v. Ventor Buildings & Loan Ass’n., 107 N.J.Eq. 214, 151 A. 609 (1930), upon which Leinenweber relies, is not on point. In that case a sale was explicitly announced to be subject to a $10,-000.00 mortgage. By the time the sale took place, the amount due on the mortgage was less than $10,000.00 because payments had been made after the announcement of the sale and the purchaser asked for credit for the actual payoff. The court denied the request for credit on the ground that the purchaser gave nothing in consideration for *781 the reduction in the amount of the mortgage. The court directed that any excess paid on the mortgage be returned to the mortgagor.
In that case, as contrasted to the instant case, the amount of the mortgage debt which the purchaser would be subject to was set forth explicitly in the sale announcement. Here, the announcement simply said the sale was subject to “a” mortgage. There was no explicit statement concerning the amount of the mortgage which would encumber the property being sold.
Nor is Swann v. Wright’s Executor, 110 U.S. 590, 4 S.Ct. 235, 28 L.Ed. 252 (1884), contrary to our ruling here. In Swann the purchasers at a judicial sale were explicitly warned that the property being sold at judicial sale was subject to “liens established, or which may be established; by said court in this cause, on references heretofore had and now pending....” Rejecting Swann’s subsequent challenge to the validity of one of the liens, the court stated that he could not assert title in himself and at the same time “claim the aid of a court of equity in repudiating the essential conditions upon which he received title.... ” In the instant case, Wiggins is not attempting to “repudiate the essential conditions upon which he received title”; he is attempting to clarify his responsibilities as set forth in the sale documents.
II
Having held that the respective parcels of property are subject to the lien in proportion to their relative values as of the date of the sales, it will be necessary to remand this cause to the trial court so that it may determine what, the proportionate values are. Accordingly, it is necessary that the issue raised by Wiggins concerning one of the expert witnesses be reached.
Although the challenged expert witness was accepted by stipulation as an expert as to value of property, Wiggins urges that his testimony should have been stricken and should not have been considered by the trial court because the witness allegedly used different approaches in evaluating the two parcels of property. While it is true that the expert witness emphasized the income approach in evaluating Wiggins’ property and the market data approach in evaluating Leinenweber’s property, it is also true that the expert testified that he used both of those approaches in appraising both parcels of property and the figures came out the same. The expert’s explanations on both direct and cross examination concerning the use of the gross rent multiplier and related factors go to the weight to be accorded his appraisal figures and not the admissibility of the evidence. The refusal to strike the expert witness’s testimony was not an abuse of discretion.
III
Another aspect of the final order which must be reviewed is the trial court’s grant of an equitable lien to Leinenweber on Wiggins’ property. The record establishes that the trial court granted Wiggins’ motion to dismiss Leinenweber’s counterclaim seeking to establish the equitable lien. Then, upon entering the final order, the trial court granted the equitable lien prayed for in the previously dismissed counterclaim. We agree with Wiggins that this was error. Not only was it error for the trial court to rule on a claim that its own prior order had already disposed of, but the factors considered by the trial court in its ruling on the counterclaim had not changed.
Having disposed of the counterclaim by dismissing it, the trial court was estopped from granting the relief requested absent trial of the issue by consent (a contention not made by Leinenweber).
IV
Wiggins’ contention that the trial court erred by refusing to award an attorney’s fee based on the absence of a justicia-ble issue, Section 57.105, Florida Statutes, is without merit.
Because of our rulings on the issues discussed above, the other issues raised by Wiggins need not be reached.
*782 This opinion addresses the rights of the parties (co-mortgagors) vis-a-vis each other. It should not be construed as affecting the rights of the mortgagee, who is not a party to this dispute.
Accordingly, this cause is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
McCORD and WENTWORTH, JJ., concur.