In re Peter F.K. BARABAN, a/k/a Peter Frederic Kurz Baraban, a/k/a Peter Baraban, Debtor.

Bankruptcy No. 85–00050–BKC–TCB.

United States Bankruptcy Court, S.D. Florida.

Feb. 25, 1986.

Jerry M. Markowitz, Miami, Fla., for debtor.

Daniel L. Bakst, West Palm Beach, Fla., for the trustee.

Irving Gennet, Boca Raton, Fla., trustee.

### ORDER ON EXEMPTIONS AND APPORTIONMENT OF LIENS

THOMAS C. BRITTON, Chief Judge.

The trustee's objection (C.P. No. 90) to the debtor's claim of exemptions was heard

on February 18. At the hearing, the trustee and the debtor agreed that a related issue, the apportionment of liens, had also been carried over for consideration with the objection to exemptions, although this related matter was not noted on the calendar. At the parties' request, both matters were heard.

The debtor owned two separate parcels of real property, which may be identified as the Ocean property and the Lake property. The latter has been claimed as an exempt homestead. Both properties were encumbered by a lien, the validity and amount of which has been fixed and is not now in dispute. The trustee has sold the Ocean property and holds the proceeds for appropriate distribution.

It is the debtor's contention that the lien should be satisfied entirely from the Ocean property and the trustee argues that the lien should be apportioned pro rata between the two properties in proportion to their respective value. The Ocean property was sold for $1.625 million. A recent offer of $1.1 million has been made for the Lake property. I find that these are the current values of these two properties.

The issue is governed by Florida law. In *Wiggins v. Leinenweber*, 404 So.2d 778, 780 (Fla.Dist.Ct.App.1981), it was held that where property is sold expressly subject to liens, the rule that where lands are mortgaged to secure a debt and part of said lands are subsequently sold by the mortgagor, the portion unsold is primarily liable under the lien, is not applicable:

> "In the absence of express agreement, however, the portions [of real property] are, as between themselves, liable for their proportionate share of the debt based on their relative value on the date of conveyance."

The issue here is sufficiently analogous to that before the court in *Wiggins*, that the holding there is applicable here. The lien encumbering these two properties shall be allocated between the two properties in proportion to their present current value.

The trustee has withdrawn any other objection he might have to the debtor's claim of exemptions. The objection is, therefore, overruled.