## Fisher *against* Clyde.

C. became the purchaser at sheriff's sale of that part of a tract of land which was in one county, subject to a mortgage upon the whole tract, which was in two counties: the mortgage having been given before the county was divided. After his purchase, he paid the amount due upon the mortgage, took an assignment of it, and sued out a writ of *scire facias* upon it in the other county, with notice to the terre-tenants of that part of the land. *Held* that the plaintiff was entitled to recover contribution out of that part of the land, which was to be estimated by the proportional value of each part.

ERROR to the Common Pleas of *Columbia* county.

This was a *scire facias sur* mortgage, at the suit of William Clyde and Jacob Leisenring, assignees of John S. Heister and Henry A. Muhlenburg, executors of Joseph Heister, deceased, who was assignee of Joshua Benson, against William Kase, administrator *de bonis non cum testamento annexo* of Henry Fisher, deceased, with notice to John Fisher and Caleb Fisher, terre-tenants. The mortgage bears date the 29th of April 1812, and was given by Henry Fisher, in his lifetime, to Joshua Benson, on a tract of land then lying wholly in Northumberland county, on both sides of Roaring Creek; 70 acres and 98 perches thereof, beside allowance of six per cent. for highways, according to a survey made since, situate on the east side of the creek, now in Columbia county, which county has been erected out of Northumberland county since the date and execution of the mortgage; and the residue of the said tract, containing 105 acres and 8 perches, beside allowance, &c., within Northumberland county; to secure the payment of £600, owing by the said Henry Fisher to the said Joshua Benson, according to the tenor of three several bonds, given for the same; one conditioned for the payment of £200 on the 1st day of May 1814, the second for the like sum on the 1st day of May 1815, and the third for the remaining £200 on the

[Fisher v. Clyde.]

1st day of May 1816.　Benson assigned the mortgage to Joseph Heister, who, after the erection of Columbia county, sued a writ of *scire facias* out of the Court of Common Pleas of Northumberland county upon it against William Kase, administrator as aforesaid, with notice to Caleb Fisher and John Fisher, terre-tenants, wherein he obtained a judgment by confession of the defendant and terre-tenants, on the 15th of October 1830, for $1597.33, being the whole amount of the balance of principal and interest due up to that date.　No further proceeding was had upon the mortgage in that county for some time.　But subsequently, that portion of the mortgaged premises lying within it, was taken in execution and sold under a judgment in favour of John Farley, for the use of Phœbe Farley, obtained on the 10th of April 1828, against the executors of Henry Fisher, deceased, the mortgagor. This sale was made in July 1832, subject to the mortgage debt, by virtue of a writ of *venditioni exponas,* returnable to the following August Term of the court, at which William Clyde and Jacob Leisenring, the plaintiffs, became the purchasers, for the price of $6575.　They, after obtaining a deed of conveyance from the sheriff, perfecting the sale to them of that portion of the land lying in Northumberland county, against which execution had been awarded in the *scire facias* upon the mortgage, as mentioned above, paid the balance due upon the mortgage to the executors of Joseph Heister, he being then dead, and took an assignment of the mortgage from John S. Heister and Henry A. Muhlenburg, the executors of Joseph Heister.　Clyde and Leisinring having become thus entitled to the mortgage, caused a writ of *scire facias* to be issued out of the Common Pleas of Northumberland county, calling upon the defendants to show cause why the judgment, obtained in the previous *scire facias* upon the mortgage, should not be revived; and also why execution should not be awarded against that portion of the mortgaged land which lay in Columbia county.　But upon a plea to the jurisdiction, as to this latter matter, judgment was rendered in favour of the defendants. After all these proceedings were had, the plaintiffs then sued out the writ of *scire facias* in this case, wherein they claimed to have a judgment of the court, awarding an execution, for the whole sum due upon the mortgage, to wit, $1597.33, against that part of the mortgaged land lying in Columbia county.　To this, however, the defendants objected: and pleaded, 1st. Payment; 2dly, That the proceedings on the mortgage in the Common Pleas of Northumberland county, and the purchase of that part of the mortgaged land lying therein by the plaintiffs, being under a judgment for a debt of junior lien to that of the mortgage, and subject to the amount of the mortgage debt, the land embraced by the mortgage lying in Columbia county became thereby released from the mortgage debt altogether; and 3dly, That if the land in Columbia county were not released, it was at most only

I. — 69　　　　2 v *

liable to bear its proportional part of said mortgage debt, to be ascertained by its relative value to that of the land in Northumberland county. The plaintiffs took issue on the several pleas. On the trial of the cause, the defendants offered to give evidence, showing the extent and value of the improvements on the land in Northumberland county, as also the value of the land itself on the 29th of August 1832, when the sheriff's deed for it was made and acknowledged to the plaintiffs; and evidence likewise, showing the value of the land at the same time lying in Columbia county; all which was objected to by the plaintiffs, and overruled by the court. To this overruling of the evidence, the defendants excepted. The court below, also, after the evidence on both sides was closed, instructed the jury that, under the evidence, the plaintiffs were entitled to a verdict for the sum of $1597.33, the whole balance due on the mortgage on the 15th of October 1830, without interest from that time. To which the defendants also excepted. These exceptions were assigned for error.

*Greenough,* for the plaintiffs in error.
*Donnel,* for the defendants in error.

The opinion of the Court was delivered by

KENNEDY, J.—That the court below, in their instruction to the jury, erred, is very apparent. For the plaintiffs below having purchased that portion of the mortgaged land which they now hold, lying in Northumberland county, subject, at least, to the payment of its due proportion of the mortgage debt, they, in paying the amount of it to the executors of *Joseph Heister,* must, in equity and upon every principle of natural justice, be considered as having paid it, the same as if it had been their own debt, so far as it was properly a charge upon that portion of the mortgaged premises held by them. In buying at the sheriff's sale, they only purchased and paid for the equity of redemption, so that when they paid off the mortgage debt, they became the absolute owners of that portion of the land purchased by them at sheriff's sale, in fee; and could not be considered as standing in the shoes of the mortgagee, excepting as to the residue of the land lying in Columbia county, and as having only, at most, a claim against it for what it, according to its relative value, ought to bear. The whole of the land, embraced within the mortgage, may be regarded as debtor to the amount of the money due upon it; and under this view, therefore, each part of the land must contribute its due proportion towards payment of that amount, which is to be estimated and ascertained according to their respective relative values at the time of the sheriff's sale. The only difficulty or question with this court has been, whether the plaintiffs below have a right to go against that portion of the land holden by Caleb and John Fisher, as terre-tenants, in Columbia

[Fisher v. Clyde.]

county, for any portion of the money paid by them on account of the mortgage. For seeing the land purchased by them was worth a great deal more than the amount of the mortgage debt, it is not without some share of reason, at least, to say that they, in bidding at the sheriff's sale, must have kept in view the amount of the mortgage debt, as a charge that might thereafter be levied entirely out of the land they were bidding for; and consequently they did not bid above what they considered the land then selling fairly worth, after paying the whole of the mortgage debt, besides the sum bidden for it. And certainly, if this were really the case, there would be no injustice in deciding that they had no claim against that portion of the mortgaged land lying in Columbia county, upon the ground of contribution or otherwise, by reason of their having paid the whole of the mortgage debt. But Caleb and John Fisher were the devisees in fee of the whole of the mortgaged land, under the will of Henry Fisher, the mortgagor; and the interest, devised to them by the testator, was all that was purchased by the plaintiffs below at the sheriff's sale, so that the latter would thus appear to have stepped into the shoes of the former. This being the case, the plaintiffs below, and the terre-tenants of that portion of the mortgaged land which lies in Columbia county, would seem to stand in *æquali jure*, where equality of burthen becomes equity. This view of the case seems to be the most equitable, as also the most safe; and, under it, we are therefore inclined to adopt the principle of contribution, in preference to casting the whole burthen of discharging the mortgage debt upon the plaintiffs below.

From what has been said, in regard to the error of the court in charging the jury, it may be perceived that the court erred also in rejecting the evidence offered by the defendants below, for the purpose of showing the value of each parcel of land at the time of the sheriff's sale to the plaintiffs below; without which, it would be impracticable to ascertain correctly the due proportion of the mortgage debt that each parcel of land ought to bear.

Judgment reversed, and a *venire facias de novo* awarded.