# Delaware County Trust Company *v.* Lukens, Appellant.

*Mortgage—Sheriff's sale—Constitution—Different owners.*

Where two portions of mortgaged premises become owned by different persons by reason of a sheriff's sale, neither person has preference over the other, and the portions so owned by them, are, as between themselves, liable to the payment of the mortgage debt in proportion to their respective values at the time of the sheriff's sale.

Argued Nov. 18, 1908. Appeal, No. 191, Oct. T., 1908, by defendants, from order of C. P. Delaware Co., March T., 1905, No. 25, entering judgment for plaintiff non obstante veredicto in case of The Delaware County Trust, Safe Deposit and Title Insurance Company to use of Frank G. Perrin, Assignee, v. Rudolph C. Lukens, mortgagor, and Bernard V. Black, terretenant. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Scire facias sur mortgage. Before BROOMALL, J.

The opinion of the Superior Court states the case.

Verdict for plaintiff for $164.61. On motion for judgment non obstante veredicto, the court entered judgment for plaintiff for $428.59. Bernard V. Black appealed.

*Error assigned* was the entry of judgment non obstante veredicto.

*Garrett E. Smedley,* for appellant.—The Supreme Court, whilst enforcing the doctrine of contribution, has given no general rules for our guidance in all cases. Each case presents its own peculiar equities which control its settlement.

If the time of the sheriff's sale, or any other time after improvements have been made be inflexibly adopted, it is obvious that great injustice might be done: Leech v. Bonsall, 10 Phila. 384.

*Albert J. Williams,* for appellee.—This case is ruled by Fisher v. Clyde, 1 W. & S. 544.

OPINION BY BEAVER, J., February 26, 1909:

It was well settled in Carpenter v. Koons, 20 Pa. 222, that:

"1. When the mortgagor himself sells the mortgaged premises in pieces for a full price, and at different times, the several parts are liable for the mortgage debt in the inverse order of their alienation.

"2. But this rule does not apply to the case of sales of mortgaged premises made by the sheriff, since the Act of 6th of April, 1830, P. L. 293, under a judgment subsequent to the mortgage.

"3. Two purchasers at a sheriff's sale of pieces of land each sold, since the act of 1830, subject to the same mortgage, are in equali jure; neither has a preference over the other; and the portions so purchased by them, are, as between themselves, liable to the payment of the mortgage debt in proportion to their respective values."

In delivering the opinion of the court in that case, Mr. Chief Justice BLACK said: "A man who purchases part of a tract covered by a mortgage, buying the title out and out, clear of incumbrances, and paying a full price for it, has a plain right to insist that his vendor shall allow the remainder of the mortgaged premises to be taken in satisfaction of the mortgage debt before the part sold is resorted to. This being the right of the vendee against the mortgagor himself, the latter cannot put the former in a worse condition by selling the remainder of the land to another person. The second purchaser sits in the seat of his grantor and must pay the whole value of what he bought towards the extinguishment of the mortgage, before he can call on the first purchaser to pay anything. The first sale having thrown the whole burden on the part reserved, it cannot be thrown back again by the second sale. In other words, the second purchaser takes the land he buys subject to all the liabilities under which the grantor held it.

"But if the rule is to cease when the reason of it ceases, it cannot extend to a case where the first sale was made subject to a mortgage; and that is the condition of the present one. The

defendant's deed is older than his adversary's, but it conveys him nothing but the equity of redemption. The act of 1830 provides that, if the oldest lien be a mortgage, and the land be sold on a judgment, the sheriff's vendee shall take it subject to the mortgage. When the defendant made his purchase, therefore, he had manifestly no claim either on the mortgagor or on anybody else to pay off the whole mortgage and relieve him entirely from what was probably the most burdensome part of his contract. His share of the mortgage formed a part of the price he agreed to pay for the land. The statute of 1830 entered into and made one of the elements of his contract.

"There is a wide and palpable difference between one who buys land subject to a mortgage, and has a reduction in the price equal to the amount of the lien, and another who pays its full value and stipulates for a title clear of incumbrances. Such a distinction is anything in the world but a 'theoretical subtlety.' . . .

"Two purchasers at a sheriff's sale, subject to a mortgage which is a common incumbrance on the land of both, stand on a level. Neither of them has done or suffered anything which entitles him to a preference over the other. Equality is equity. They must pay the mortgage in proportion to the value of their respective lots."

It is also said in that opinion that: "The value of the lots is to be ascertained and determined by the jury on all the legal evidence which the parties see fit to produce."

In the case under consideration, the parties agreed as to the valuation of the lots called upon to contribute their proportionate share to the payment of the mortgage at the time of the sale of the first lot, the only question here being practically the time at which the valuation of the several parts should be made. The court below, on the trial of the cause, fixed the time at which contribution should be made according to the relative value of the lots, as of the time of trial, the appellee then insisting that the values should be determined as of the time when the first sale was made. On a motion for judgment non obstante veredicto, the court properly, as we think, accepted this suggestion and entered judgment for the plaintiff for

$428.59, being $300, with interest thereon from the time of the sale to the date of the verdict, with interest on $300 of the amount of the judgment from December 18, 1907, the date of the verdict.

The opinion of the court in entering judgment non obstante veredicto is not printed in the appellant's paper-book. We find it, however, in that of the appellee and, inasmuch as the facts and the position of the parties are fully and succinctly stated by the court, we quote therefrom:

"When the mortgaged premises belonged to Rudolph C. Lukens, he built a mill with steam engine and boiler therein on the mortgaged land, and in doing so he incurred a debt, which being unpaid became the subject of a mechanic's lien, entered by the creditor against the entire mortgaged land. By appropriate legal proceedings, a curtilage was set apart to this lien, and the mill with its appurtenant curtilage was sold at sheriff's sale and purchased by the predecessor in title of Bernard V. Black. This sale did not divest the mortgage. The remainder of the premises by sundry subsequent conveyances became vested in George M. Moore, and this part was released from the mortgage, as above stated. The plaintiff's contention is that, when the two pieces of the mortgaged premises became owned by different persons, by virtue of the sheriff's sale of one of them to the predecessor of Bernard V. Black, each of them became liable for a part of the mortgage to be ascertained by their then respective values. The parties have agreed that the value of the parcel belonging to Bernard V. Black is one-fifth of the value of the entire mortgaged premises. Its share of the mortgage money is, therefore, $400. The contention of the plaintiff, further, is that the release of the other part of the mortgaged land has no legal effect to augment or diminish the liability of the Black parcel, and has no effect to relieve it in any way from its liability as fixed by the sheriff's sale. And that the claim of the plaintiff being for less than the liability of the Black parcel as thus established, the plaintiff is entitled to judgment n. o. v.

"On the other hand, the defendant contends that the effect of the release by the mortgagee of the part of the mortgaged

premises remaining in the mortgagor, after the sheriff's sale of his purpart to his predecessor, is to discharge his purpart from all liability for the amount of the plaintiff's claim. Hence he moves for a new trial, or for a judgment in his favor non obstante veredicto.

"Upon the trial the court was against the defendant's contention. In this we see no error. Hence the defendant's motion is overruled.

"The court was with the plaintiff's contention, except that we were of opinion that the liability of the unreleased part now owned by Bernard V. Black should be fixed by the relative values of the two purparts at the present time. In this we have concluded we were in error: Fisher v. Clyde, 1 W. & S. 544; Carpenter v. Koons, 20 Pa. 222. We are of opinion that the values at the time of the division by the sheriff's sale must determine the proportionate part of the mortgage which each must pay."

In the conclusion thus reached we fully agree, for, as argued by the appellee, "Any other rule would be a hardship on the owner of the remainder of the property, as will appear from the following: By the sale, and he had no control over it, a valuable part of his property was sold; we will assume that the part sold at the time of the sale was worth \$1,000, and that the remainder of the property was worth \$2,000; that the whole property was subject to a \$2,000 mortgage; on this basis, the proportion of the mortgage that the piece sold should bear would be one-third, or \$666.66. The purchaser received credit for this amount and obtained title on paying \$333.34. Now having obtained title, he permits the property to fall into a dilapidated condition. The owner of the remainder of the property keeps it up and improves it, so that it becomes more valuable. Some time afterwards suit is brought on the mortgage. The relative values at the time of bringing suit have changed. The piece sold is only worth \$600; the remainder of the property is worth \$6,000. If these values are taken, then the piece sold should only bear one-eleventh of the mortgage, or \$181.81, and thus the purchaser is relieved of \$484.85, for which he received credit when he purchased, and this is thrown back on the remainder of the prop-

erty. This would be unjust, and yet the foregoing is a fair statement of the facts in the case at bar."

The liability for his share of the mortgage attached the moment the defendant secured title. If so, the time at which the parties should be held responsible for their respective shares or purparts of the mortgage was also fixed.

We are clearly of the opinion that, for the reasons stated, the court was correct in fixing the relative value of the two tracts at the time of the sale of the first, and these values being admitted there was no occasion for a submission of the case to the jury.

Judgment affirmed.