Home Unity Savings and Loan Association, to use, Appellant, *v.* Balmos.

Argued March 25, 1960. Before GUNTHER, WRIGHT, WOODSIDE, ERVIN, WATKINS, and MONTGOMERY, JJ. (RHODES, P. J., absent).

re-argument refused July 18, 1960.

*David H. Kubert,* for use plaintiff, appellant.

*Thomas S. Howland,* with him *Howland and Hess,* for intervening appellee.

OPINION BY GUNTHER, J., June 15, 1960:

This appeal is from the Decree of the Court of Common Pleas No. 4 of Philadelphia County directing distribution of the proceeds of a sheriff's sale of real estate. The matter came before the lower court as a case stated.

On or about October 27, 1950, Victor Balmos and his wife were the owners of a certain dwelling known as 204 Dupont Street, and Victor Balmos was the owner of a dwelling known as 5529 Devon Street in Philadelphia. Both were subject to a blanket mortgage to Home Unity Savings and Loan Association, dated December 23, 1948.

On October 27, 1950, George Wadenpfuhl obtained a judgment against Victor Balmos in the Municipal Court of Philadelphia in the sum of $1,050.48.

On June 5, 1957, George Wadenpfuhl caused a writ to issue whereby the premises known as 5529 Devon Street was subject to a judicial sale and the premises were sold to the attorney on the writ subject to the

mortgage of the Home Unity Savings and Loan Association. A sheriff's deed was made to George Wadenpfuhl, Inc.

On September 3, 1957, a judgment was entered on the bond accompanying the mortgage covering premises 5529 Devon Street and 204 Dupont Street, and damages upon the said judgment were assessed in the amount of $2000.34. On September 13, 1957, at the sheriff's sale the premises were sold to Albert G. Newton, Attorney, for $4700.00. This sale price covered both premises, 5529 Devon Street, and 204 Dupont Street, covered by the said mortgage.

On December 2, 1957, George Wadenpfuhl, Inc., filed a Petition for Rule To Show Cause to set aside the sheriff's sale of premises 5529 Devon Street, owned by George Wadenpfuhl, Inc., because of the failure of the execution plaintiff to give notice to George Wadenpfuhl, Inc., as provided by the Rules of Court.

On December 16, 1957 the lower court set aside the sheriff's sale by agreement of counsel.

On November 22, 1957, the Home Unity Savings and Loan Association assigned the bond and mortgage to Jacob Kallish, the said assignment containing a certification as to the assignee's address by Albert G. Newton.

On January 14, 1958 the Home Unity Savings and Loan Association had the judgment marked to the use of the assignee as Use Plaintiff, Jacob M. Kallish.

On April 29, 1958, Jacob M. Kallish released the premises 204 Dupont Street, Philadelphia, Pennsylvania from the lien of the bond and mortgage which had been assigned to him by giving a Release of Mortgage to Victor Balmos and Anna Balmos, his wife, for a nominal consideration of $1.00 which was recorded in Miscellaneous Book No. 200, page 26 of the Commissioner of Records Office of the City of Philadelphia.

The signature of the releasor was witnessed by Albert G. Newton.

On May 23, 1958, a Release from the Lien of Judgment against premises 204 Dupont Street, Philadelphia, Pennsylvania was filed of record in the Court, the releasor being Jacob M. Kallish and being witnessed by Albert G. Newton.

On May 5, 1958, Victor Balmos and Anna Balmos, his wife, executed a Deed of Conveyance to one Max Helfer and Eleanor Helfer, his wife, for a purported consideration of $100.00 for said premises 204 Dupont Street, clear of all encumbrance, the said Deed being recorded in Deed Book C.A.B. No. 796, page 599 &c. at Philadelphia, Pennsylvania, and the said Deed contained a certification as to the grantee's address by Albert G. Newton and being accompanied by a Realty Transfer Tax Affidavit signed by Albert G. Newton certifying the value of the premises to be $2000.00.

On May 14, 1958, the said Max Helfer and Eleanor Helfer, his wife, executed and delivered a Deed of Conveyance to Joseph Cassell and Helen Cassell, his wife, which was recorded at Philadelphia, Pennsylvania, in Deed Book C.A.B. No. 797, page 146 &c., for the said premises 204 Dupont Street, Philadelphia, Pennsylvania, for the consideration of $4800.00, the grantors' signatures being witnessed by Albert G. Newton.

On June 11, 1958, counsel for Jacob M. Kallish sent notice by mail to Victor Balmos and Anna Balmos, his wife, at 5529 Devon Street, Philadelphia, Pennsylvania, as mortgagors, and to George Wadenpfuhl, Inc., 8912 Ridge Avenue, Philadelphia, Pennsylvania, as Real Owner of premises 5529 Devon Street, Philadelphia, Pennsylvania, advising that the mortgage secured upon the said premises was in default, and that on September 3, 1957 judgment was entered on the bond as of the Court of Common Pleas No. 4 of Philadelphia County,

June Term, 1957, No. 10,293, and that damages were assessed at $2000.34, and advising further that it was the intention of Jacob M. Kallish to issue a Writ of Execution upon the said judgment against the property 5529 Devon Street, Philadelphia, Pennsylvania, at once. Further advice was given that sale upon the said Writ of Execution by the sheriff of Philadelphia would be held in Room 653, City Hall, Philadelphia, Pennsylvania, on Monday, July 7, 1958 at 2:00 o'clock P.M. (D.S.T.). Said notification was sent to both the mortgagors and the said Real Owner by certified mail, and an affidavit as to the mailing of the aforesaid notices to the mortgagors and the Real Owner was filed in your Honorable Court on June 12, 1958, and on the same date an Alias Writ of Fieri Facias Real Estate issued returnable the first Monday of July, 1958.

That neither of the mortgagors nor the Real Owner, to wit, George Wadenpfuhl, Inc., filed any petition whatsoever to stay or to question the sheriff's sale thus scheduled for the first Monday of July, 1958 on any ground.

At the sheriff's sale thus held on the aforesaid Alias Writ of Fieri Facias Real Estate, the premises were sold to Thomas S. Howland, Esquire, for the sum of $2600.00 for the use and benefit of George Wadenpfuhl, Inc., and the sum of $2600.00 has been deposited with the sheriff of Philadelphia County by George Wadenpfuhl, Inc. through its counsel.

That no valuable consideration other than the nominal consideration was received by Jacob M. Kallish for the release of the lien of the judgment entered on the Bond and Warrant of Attorney given by Victor Balmos and Anna Balmos in conjunction with the accompanying mortgage, whereby premises 204 Dupont Street, Philadelphia, Pennsylvania were released from the lien of the said judgment.

That the reasonable market value of premises 5529 Devon Street, Philadelphia, Pennsylvania, on August 5, 1957 was $3100.00.

That reasonable market value of premises 204 Dupont Street, Philadelphia, Pennsylvania, on August 5, 1957 was $3500.00.

That on August 5, 1957, the balance of principal due on the blanket mortgage covering premises 5529 Devon Street and 204 Dupont Street, Philadelphia, Pennsylvania, was in the sum of $1723.76, and the interest due and owing on the said blanket mortgage on August 5, 1957 was the sum of $12.93.

That the sum of $815.61 equals that proportion of the balance of principal and interest due on the blanket mortgage aforesaid as of August 5, 1957, as the value of premises 5529 Devon Street, Philadelphia, Pennsylvania on August 5, 1957 bore to the value of both premises 5529 Devon Street, Philadelphia, Pa., and 204 Dupont Street, Philadelphia, Pa. on August 5, 1957.

That the prothonotary and sheriff's costs incurred by the plaintiff in the above action were $115.32 and interest on the unpaid balance of principal from August 5, 1957 to November 14, 1958 (the date when balance of the bid made at the sheriff's sale was deposited with the sheriff) amounts to $128.08, totalling $243.40.

That the sum of $114.33 equals that proportion of the prothonotary and sheriff's costs and interest referred to in the aforegoing paragraph as the value of premises 5529 Devon Street, Philadelphia, Pa. bears to the value of both premises 5529 Devon Street and 204 Dupont Street, Philadelphia, Pa.

That the petition of George Wadenpfuhl, Inc. to show cause why an issue should not be directed upon the distribution of monies arising from the sheriff's sale held on July 7, 1958 was filed on or about November 14, 1958 and contained averments that the said

Albert G. Newton (or Allen Newton) et al. conspired and collaborated against the petitioner in such a way that the premises 204 Dupont Street should be released without proper or adequate consideration so that the whole of the unpaid balance of the principal sum with interest and costs would be a lien solely against the premises owned by George Wadenpfuhl, Inc. and further, that the release of 204 Dupont Street from the lien of both the judgment and the mortgage without consideration thereby burdened premises 5529 Devon Street owned by the petitioner with the whole of the unpaid balance of the principal sum with interests and costs, which petitioner averred was an inequitable burden on the premises owned by the petitioner; and therefore petitioner sought equitable relief.

The case stated was submitted to the court and after argument an opinion was written and decree filed supporting the contention of Wadenpfuhl, Inc.

From the decree, appellant Jacob M. Kallish took this appeal.

We are now faced with this question: Where part of a parcel of real estate covered by a blanket mortgage is sold at a judicial sale subject to the lien of the mortgage, and where the mortgagee thereafter releases the remainder of the mortgaged premises from the lien of the mortgage, is the first part sold at the judicial sale liable only for the payment of that proportion of the mortgage debt as the value of the part first sold bears to the value of the entire mortgaged premises?

Appellee cites in support of its contention, *Delaware County Trust Company v. Lukens*, 38 Pa. Superior Ct. 509. In that case, a part of a property covered by a blanket mortgage was sold at a judicial sale on a junior encumbrance subject to the said blanket mortgage, and after various mesne conveyances became vested in a man named George V. Black. The remain-

der of the premises covered by the said blanket mortgage, after sundry subsequent conveyances, became vested on one George M. Moore, and this part was released from the mortgage by the mortgagee.

On a sheriff's sale of the part owned by George V. Black, on a judgment entered on the blanket mortgage, the mortgagee was entitled to be paid that proportion of the amount of the mortgage as the value of the Black property bore to the value of the entire property covered by the blanket mortgage at the time of its division by the original sheriff's sale.

At the time George Wadenpfuhl, Inc. purchased 5529 Devon Street it became the owner of a piece of real estate burdened only with the payment of a proportionate part of the blanket mortgage balance then due the mortgagee.

In this case the building and loan association attempted to confer a special benefit on Victor Balmos and Anna Balmos, the mortgagors, by releasing their property on the one hand and at the same time selling the property of George Wadenpfuhl, Inc., who was the real owner of the Dupont Street premises, subject only to the lien of the blanket mortgage.

The appellee contends that the appellant, either directly or indirectly, acted and conspired against appellee in such a way that one property should be released from the lien of a judgment and blanket mortgage so that the whole unpaid mortgage balance would be and remain a lien on appellee's property; it therefore argues that the Devon Street property is liable only for a portion of the balance of the mortgage debt.

The record clearly shows that appellant, Jacob M. Kallish, purchased the bond and mortgage for less than from the defaulting mortgagors for $100.00, and realized a price of $4800.00 for it, after releasing it from took a deed to the Dupont Street property $2000.00, ized it from

the lien of the mortgage and burdening appellee's property with the entire unpaid balance. The court below noted that had this been an appeal to the equitable powers of the court it would have no recourse but to open judgment.

Appellant relies upon the Act of April 2, 1822, P. L. 134, 21 P.S. 761, to uphold his contention. The Act of 1822 does not apply where two portions of mortgaged premises become owned by different persons by reason of a sheriff's sale; in that case neither person has preference over the other, and the portions so owned by them are, as between themselves, liable to the payment of the mortgage debt in proportion to their respective values at the time of the sheriff's sale. *Delaware County Trust Co. v. Lukens*, supra. The Act of 1822 applies to foreclosure proceedings on a mortgage and gives the mortgagor the right to entertain a plea that the balance claimed is greater than in a just proportion ought to be levied on the premises described in the writ.

We agree with the learned opinion of the court below. "No subsequent act of the mortgage creditor can alter the legal situation thus created, especially where, as here, when shown to have been done fraudulently and with the obvious intention of unjustly enriching the owner of one portion of the premises originally encumbered." The decree of distribution should be affirmed.

Decree affirmed.