## J. H. SHROPSHIRE *v.* HIS CREDITORS.

15  705
50  223

The syndic of an insolvent estate, in filing an account of his administration, must make an acurate statement of the active mass of the estate, and also of the passive mass ; mention must be made of the privileges and mortgages, as well as the ordinary debts.

Where real property belonging to an insolvent estate was adjudicated to a certain person, and in consequence of his failure to comply with the terms of the first sale, the property was re-adjudicated to the same person for a lesser amount, and suit being brought against such purchaser for the difference in the prices of the two sales, and the matter was compromised by his paying a certain amount, which fell short of the deficiency—*Held :* That this sum was due by him as part of the price which he had stipulated to pay for the property, and must therefore be classed on the syndic's tableau, as the proceeds of immovable property.

The fees paid by the syndic of an insolvent estate, to counsel, for the prosecution or defence of suits for the estate, are entitled to be classed as law charges. But it is the duty of the syndic not to burthen the estate with onerous charges for the remuneration of such services, for they are paid on the hypothesis that they enure to the benefit of the estate.

Subrogation cannot take place, by effect of law, beyond the amount actually disbursed.

Where parties are liable jointly as principal debtors, and one of them discharges the debt, subrogation takes place only for the share of his co-debtor.

APPEAL from the District Court of the Parish of East Feliciana, *Ratliff,* J. *Muse & Hardee,* for plaintiff and appellant. *J. B. & J. J. Smith,* for defendant.

VOORHIES, J. The syndic of the insolvent estate of *J. H. Shropshire,* filed an account of his administration. Its homologation was opposed by *John Collins,* administrator of the succession of *Shropshire's* deceased wife.

This account does not meet the requirement of the law with respect to tableaus of classification and distribution. It is deficient in its statement of the active mass of the estate, and is also unsatisfactory as regards the passive mass. No mention is made of privileges and mortgages ; nor are ordinary debts noticed. C. C. 1168–1170. The case must, therefore, be remanded for further proceedings according to law. But, in so doing, it is advisable that we should express an opinion upon the legality or correctness of items in contestation.

1st. The active mass is composed of the following items, being the proceeds of the sale of real estate :

1. *Norwood's* note ................................................ $155 60
2. *Jordan & Caine's* note.................................... 400 00
3. Amount paid by *John Collins* ........................... 930 54

Total................................................ $1485 54

The sum of $930 54 was the difference between the price of the adjudication of real estate to *John Collins,* and of the sale *à la folle enchère,* made in consequence of the failure of the purchaser to comply with the terms of the first sale. The property was re-adjucated to the said *Collins* for a lesser amount ; and, suit being brought against him for the deficiency in the price, the matter was compromised by the payment of $930 54, an amount falling short of the deficiency. This sum was due by him as part of the price, which he had stipulated to pay for the real property, which he had purchased, and must therefore be classed as the proceeds of immovable property.

2nd. The counsel fees and expenses and charges incurred in the prosecution of the suit between the syndic of the insolvent estate and the wife of the insolvent

89

must be classed among the law charges. Although the syndic was cast in that suit, the service of his counsel is not the less a law charge, unless they were fraudulently or improvidently engaged to prosecute that suit. But there is no imputation of this nature.

It was the duty of the syndic to protect the estate in its rights ; and, to enable him to do so safely, the law allows him to apply for professional assistance. But at the same time it is his duty not to burthen the estate with onerous charges for remuneration of such services ; for these are to be paid on the hypothesis that they enure to the benefit of the estate.

In the case at bar, we must be understood as deciding in this connection, merely that the counsel fees in question are entitled to be classed as law charges, leaving open the question as to the amount, which is properly chargeable as such.

3rd. The administrator of the estate of *Mrs. Shropshire* paid $370 in satisfaction of a debt due by the deceased and her husband, *in solido*, to the Clinton and P. H. Railroad Co., and claims to be subrogated to the whole debt amounting to $3,700.

Subrogation cannot take place, by effect of law, beyond the amount actually disbursed. C. C. 2097, 2157 and 2158 ; 11 An. 717, *Roman* v. *Kernion* ; Marcadé, vol. 4, § 708.

Besides, *Shropshire* and his wife, being liable jointly and severally as principal debtors of the bank, subrogation takes place only for the share of her co-debtor. She is consequently entitled to $185 00, with subrogation to the rights of the bank.

4th. The succession of *Mrs. Shropshire* is a creditor of the insolvent estate for the sum of twelve hundred and twenty-two dollars and four cents, besides interest, secured by the tacit mortgage of the wife.

Three slaves belonging to her were sold to pay a judgment due by herself and and her husband to the Union Bank, and by her husband to other parties.

The slaves sold for $2,189 09 ; the sum of $1,930 09 was applied in payment of the bank debt, and the balance, say $257 00, to the other parties. The wife then became her husband's creditor for the sum of $257 00, and for one-half of the sum of $1,930 09 paid to the bank. She did not become a creditor for the whole amount, for the reasons given in disposing of the item of $370 00, paid by her administrator to the Clinton and P. H. Railroad Co.     •

It is, therefore, ordered and decreed, that the judgment of the District Court be avoided and reversed at the costs of the syndic in both courts ; that the said syndic, within thirty days after the filing of the mandamus of this court in the office of the clerk of the inferior court, shall file a tableau of classification and distribution of the funds in his hands, in accordance with the views expressed in this opinion ; and that this case be remanded for further proceedings according to law.

MERRICK, C. J., recused himself, on the ground of interest.