[Civ. No. 2900.   Second Appellate District, Division One.—December 5, 1919.]

FULLERTON SAVINGS BANK (a Corporation), Respondent, v. JOSEPHINE des GRANGES, Defendant; JOHN C. des GRANGES, Cross-complainant and Respondent; OTTO des GRANGES, Cross-complainant and Appellant.

[1] MORTGAGES — CONVEYANCE OF DIFFERENT TRACTS AT DIFFERENT TIMES—SATISFACTION OF LIEN—ORDER OF SALE.—Where an owner conveys mortgaged lands in different tracts and at different times, the lien attaches in the inverse order of alienation, in which order the tracts so conveyed must be sold in satisfaction of the lien.

[2] ID.—SALE OF PART OF MORTGAGED LAND—ORDER OF SALE TO SATISFY LIEN.—Where an owner of several tracts of land which are subject to a mortgage sells some of them, that portion which he retains, as between himself and his grantees, is chargeable with the payment of the mortgage debt before recourse can be had to a sale of the other tracts so granted.

[3] ID.—CONVEYANCES BY MORTGAGOR AS GIFTS—INVERSE ORDER OF ALIENATION RULE INAPPLICABLE.—Where the owners of several tracts of land which are subject to a mortgage executed by their common grantor acquire title to their respective tracts at the same time, without value and as a gift, from the same source and by the same means, the rule as to the inverse order of alienation does not apply.

[4] ID.—MORTGAGE BY OWNER OF LIFE ESTATE—DUTY OF OWNER OF PORTION OF REMAINDER TO PROTECT CO-OWNER.—No legal duty devolves upon the owner of a portion of the remainder, who has notice that the owner of the life estate is about to mortgage the entire tract to one having no notice that such mortgagor possesses only a life estate therein, to look after the interest of the owner of the other portion of the remainder.

APPEAL from a judgment of the Superior Court of Orange County. W. H. Thomas, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

Meserve & Meserve, Paul H. McPherrin and E. J. Marks for Appellant.

Head & Marks for Plaintiff and Respondent.

Samuel H. French for Cross-complainant and Respondent.

SHAW, J.—Plaintiff brought this action to foreclose a mortgage executed on May 11, 1911, by defendant Josephine des Granges to secure the payment of her note of like date for seven thousand five hundred dollars. Upon a statement that Otto des Granges and John C. des Granges had, or claimed to have, an interest in the property, which, however, as alleged, was subject to the mortgage, they were joined as parties defendant. Neither Josephine nor Otto demurred or answered the complaint, and judgment by default was entered in favor of the plaintiff against them. With his answer, which constituted no defense to the plaintiff's right to a decree of foreclosure, John C. des Granges filed a cross-complaint, claiming ownership of part of the property and alleging facts upon which he prayed that in the decree of foreclosure it be declared and adjudged that the lands

3. Rule as to inverse order of alienation as affected by assumption of mortgage debt, note, 39 L. R. A. (N. S.) 359.

covered by the mortgage, other than the portion thereof owned by him, be first sold and only in case the proceeds of such sale proved inadequate to liquidate the amount found due should recourse be had to a sale of that claimed by him.

The court made findings upon which it rendered the usual judgment and decree in favor of the plaintiff for the amount found due, in addition to which it ordered, decreed and adjudged:

"That the lien of said mortgage attaches to and said mortgage is a lien upon the premises therein (the complaint) described in the following order: 1. To and on the southwest quarter of the north half of the northeast quarter of said section 35, township 3 south, range 10 west, S. B. B. & M." (title to which, subject to the mortgage, was vested in Otto). "2. To and on the southeast quarter of the north half of the northeast quarter of said section 35, township 3 south, range 10 west, S. B. B. & M." (title to which, subject to the mortgage, was vested in John).

"That the said southwest quarter of said north half of the northeast quarter of said section 35 is primarily liable for the amount of the indebtedness secured by said mortgage, and that the amount of the same should be charged thereon above, before and prior to any liability of the said southeast quarter of the north half of the northeast quarter of said section therefor.

"It being further decreed that at any such sale hereunder the southwest quarter of the north half of the northeast quarter of section 35 of said land be sold first, and that the southeast quarter of said north half of the northeast quarter of said section 35 shall be only subject to sale and be sold only in case the proceeds of sale of the said southwest quarter of said north half of the northeast quarter of said section 35 be not sufficient to satisfy the total amount of plaintiff's judgment hereunder, and then only for any deficiency which there may be after applying all the proceeds of the sale of said southwest quarter of the north half of the northeast quarter of said section 35 to the satisfaction of said judgment.

"It is further ordered, adjudged and decreed that the defendant and cross-complainant John C. des Granges have judgment against and recover of and from defendants Otto

des Granges and Josephine des Granges his costs herein expended, taxed at $——.''

The appeal herein is by Otto des Granges from those parts of the decree above quoted, the effect of which, since the value of his land is in excess of the mortgage debt, is to impose upon the land which he claims to own the entire burden of the lien, and release that of John C. from any part of the lien.

As grounds for reversal, appellant insists: First, that the court erred in overruling his demurrer to the cross-complaint interposed upon the ground that the facts alleged therein were insufficient to constitute a cause of action against defendant Otto des Granges, and that the alleged cause of action therein stated was not the subject of a cross-complaint herein, by reason of which facts so averred the court likewise erred in overruling his objection to the introduction of any evidence or testimony in support of the allegations of the cross-complaint. Second, that the portion of the judgment from which the appeal is prosecuted has no support in the evidence, findings, or admitted facts.

Under our view of the case, we deem it unnecessary to consider the first assignment of error as ground for reversal. Conceding the rulings of the court in overruling the demurrer to the cross-complaint and receiving evidence thereunder were correct, nevertheless we are clearly of the opinion that the action of the court in imposing the entire burden of the lien upon that part of the mortgaged land owned by appellant is not justified by the findings, the material substance of which is as follows: Otto des Granges, Sr., died on June 24, 1898, leaving his widow, the defendant Josephine des Granges; the two sons, Otto and John C., and another son and daughter. He owned eighty acres of land described as the north one-half of the northeast quarter of section 35, township 3 south, range 10 west, S. B. B. & M., Orange County. Prior to his death, to wit, on or about June 11, 1898, he conveyed the land to his wife, Josephine, by deed absolute, upon the understanding that she should have a life estate therein and that at her death his son Otto, defendant herein, should have the southwest quarter of the tract of land and John C. the southeast quarter thereof; the other two children to share the north one-half of the tract. Josephine des Granges, on July 2, 1898, executed a grant deed to each

of the four children, purporting to convey to each of them that portion of the tract of land so left by deceased which it was understood each should have upon the death of the mother, which deeds at the same time she delivered to John C., with instructions to record them at her death.  While Josephine des Granges appeared of record as the owner in fee of the forty acres of land upon which she executed the mortgage to plaintiff, her interest in fact was that of a life tenant only, with remainder to her sons Otto and John C., each of whom, by virtue of the estate created in her, as well as by the unrecorded deeds executed by her to each of them, owned in severalty, subject to the life estate, one-half of the tract.  The court found that in giving the mortgage she acted in "derogation of the rights of said defendant John C. des Granges," and "in excess of her rights as life tenant in said land, and without the knowledge or consent of said John C. des Granges"; "*that said Otto des Granges did not participate in the transactions and dealings in connection therewith; that the said mortgage was given with the consent, but not with the connivance of said Otto des Granges, nor in any part for his use or benefit, nor did said Otto des Granges receive any part of the consideration therefor.*"  In addition to this finding as to Otto's connection with the making of the mortgage, the court found that Otto, knowing that his mother was claiming title in fee to that part of the property in which John C. was remainderman, aided and assisted her in the conduct and management of an action theretofore brought by her against John C. et al., to which Otto was not a party, the purpose of which was to quiet title to the property and wherein an adverse judgment was rendered, which, on appeal, was, after the rendition of the judgment herein, affirmed.  (*Des Granges* v. *Des Granges,* 175 Cal. 67, [165 Pac. 13].)  It also appears that in this action Otto joined with his mother in filing an answer wherein she, as in the suit to quiet title, claimed ownership in fee to the entire eighty acres of land conveyed to her by her husband.  Other than these facts, there is nothing to support those portions of the decree appealed from.

Respondent insists that the rule as to inverse order of alienation should apply for the reasons, first, that both the mother and Otto, in the suit brought by the former to quiet title and in their answer to the cross-complaint herein, as-

serted that the former was owner in fee of the entire tract; and, second, assuming title to the easterly half of the mortgaged tract to be vested in Otto as remainderman, he, as found by the court, consented to the execution of the mortgage.

[1] The rule that where an owner conveys mortgaged lands in different tracts and at different times the lien attaches in the inverse order of alienation, in which order the tracts so conveyed must be sold in satisfaction of the lien, to which respondent cites numerous authorities, is conceded. (Wiltsie on Mortgage Foreclosure, sec. 584.) [2] And it is likewise true that where an owner of several tracts of land which are subject to a mortgage sells some of them, that portion which he retains, as between himself and his grantees, is chargeable with the payment of the mortgage debt before recourse can be had to a sale of the other tracts so granted. (Pingrey on Mortgages, sec. 1920; *Raun* v. *Reynolds,* 11 Cal. 14.) There are no facts, however, presented herein to which either rule is applicable. As found by the court, the estate of the mother, who died pending the trial, was a life estate only. Hence title to no part of the mortgaged property remained in her to which the lien, under the second rule stated, could primarily attach.

[3] It conclusively appears that Otto and John acquired title to their respective tracts, both covered by the mortgage, at the same time, without value and as a gift, from the same source and by the same means; and that as to any knowledge of their title the mortgagee was without notice. In 27 Cyc., at pages 1371 and 1372, it is said: "In order to entitle a purchaser of part of mortgaged land to insist that some other portion shall be sold to satisfy the mortgage before recourse is had to his portion, according to the rule of subjection of the parcels in the inverse order of alienation, it is necessary that he should have paid value for his purchase." Not only, as stated, was the property of both John and Otto the subject of a gift, but acquired at the same time and by the same means; and where this is the case the rule as to the inverse order of alienation does not apply. (*Black* v. *Suydam,* 81 Wash. 279, Ann. Cas. 1916D, 1126, [142 Pac. 700].) In *Brown* v. *Simons,* 44 N. H. 475, it is said: "In the case of the sale by the mortgagor of all the mortgaged property to different purchasers at the same time,

their equities must be regarded as equal, and each must contribute ratably to the discharge of the common burden." (See, also, *Bank of Ukiah* v. *Reed,* 131 Cal. 597, [63 Pac. 921].)

As we have seen, title to no part of the property was left in the mortgagor to which the lien could attach, and, as between Otto and John, there were no facts disclosed which could warrant the court in applying the rule as to inverse order of alienation.

While the point is not presented, it is likewise true that the record is barren as to any facts upon which to predicate an estoppel in favor of cross-complainant. As found by the court, Otto did not participate in the transaction in connection with the giving of the mortgage, it was not made for his use or benefit, and he received no part of the consideration therefor. He labored under an honest belief that his mother was the owner in fee of title to the entire eighty-acre tract of land, which included his own and that of his brother John. Save that Otto entertained a belief as to his mother's rights—not shared by John—their positions are identical. Their interests were such that either, at his option, might have taken steps to prevent the giving of a mortgage by the mother upon other than her life interest. Not having pursued such course, their interests are equally bound by the lien of the mortgage. [4] Conceding that John was without notice of the fact that the mother was about to execute the mortgage, to one having no notice of his rights, of which Otto was cognizant, no legal duty devolved upon the latter to look after the interest of John, to whom the mother had delivered the deeds for recordation.

That part of the decree appealed from, the effect of which is to impose upon the land of Otto the entire burden of the mortgage, is not supported by the findings. It is, therefore, ordered that the decree be modified by striking therefrom the portions of the judgment from which this appeal is prosecuted, and that as thus modified the judgment is affirmed; appellant to recover costs of trial and in the prosecution of the appeal.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 2, 1920.

All the Justices concurred.