EMPIRE TRUST COMPANY, DEFENDANT IN ERROR, v. MILAN E. HITCH-
COCK ET AL., PLAINTIFFS IN ERROR.—123 S. W. (2d) 565.

Kansas City Court of Appeals.   January 9, 1939.

*Earl C. Borchers* and *John P. Randolph* for plaintiffs in error.

*J. V. Gaddy* and *Ronald S. Reed* for defendant in error.

584

SPERRY, C.—Empire Trust Company, a corporation, was the sole owner of a note, secured by mortgage on real estate. The mortgage was foreclosed and this suit was brought by it, as plaintiff, against Milan E. and Nina B. Hitchcock, defendants, for the deficiency between the net amount realized from the foreclosure sale of the real estate and the full amount of the note and interest. The trial court, at the conclusion of all of the evidence, directed a verdict

for plaintiff. Judgment was duly rendered on said verdict and defendants appealed but later dismissed the appeal. They sued out a writ of error which brings the case before us. The parties will be referred to herein as follows: Empire Trust Company as plaintiff, and Milan E. and Nina B. Hitchcock as defendants.

Plaintiff instituted the suit by filing a petition alleging the following: Ownership of a certain promissory note signed by A. Jennie and Clyde E. Avitt, in the principal sum of $4000; the credits on said note; the existence of record of a mortgage deed executed by the Avitts as security for said note; the existence of record of a warranty deed from the Avitts to defendants whereby the land described in the above mentioned mortgage deed was conveyed to defendants; and the existence in said warranty deed of the following assumption clause:

" 'This deed is given subject to a certain deed of trust dated November 5, 1930 and given to J. F. Healey to secure to him the payment of a note for $4000.00 on which there is an unpaid balance of $3300.00 which the parties of the second part assume and agree to pay.' "

The petition further alleged that by reason of said assumption clause defendants assumed and agreed to pay said mortgage note; alleged the unpaid balance thereof; and prayed for judgment for said balance, interest, and reasonable attorney fees.

Defendants filed answer and counterclaim wherein every allegation in plaintiff's petition was denied, and for counterclaim alleged that the note had long since been discharged by operation of law and that plaintiff knew said fact; and that defendants were and are the sole owners of said real estate, free and unencumbered, but plaintiff had, theretofore, wantonly, maliciously, and without authority, foreclosed said mortgage and thereby cast a cloud on title of defendants, because of which facts they prayed damages.

To this answer and counterclaim plaintiff replied, denying generally the allegations of defendant's answer, and pleaded a prior proceeding and judgment in Nodaway county circuit court as *res adjudicata* of all issues pleaded in defendants' counterclaim.

All of the evidence in the case, including that offered by both parties hereto, tended to establish the following facts:

The H. S. Smith Investment Company, a corporation, was engaged in the business of loaning money on real estate. On November 5, 1930, it loaned to A. Jennie and Clyde E. Avitt (who will be referred to herein as "the Avitts"), $4000, on their promissory note, secured by deed of trust on forty-five acres of land. The loan was made in the name of J. F. Healey, who was merely a "straw man," and who immediately indorsed the note in blank. On November 10, 1931, said note and mortgage was pledged by the investment company as collateral to secure a loan of $4250 made by plaintiff to

said investment company; and from that time forward, at all times, it remained in the hands of plaintiff as collateral security, although the original loan was renewed on February 8, 1932, and was thereafter carried forward from time to time in new loans and consolidations of various other loans made to the investment company by plaintiff.

On March 7, 1932, the Avitts executed and delivered to the investment company a warranty deed covering the mortgaged land. This deed was delivered to the investment company in settlement of the debt of the Avitts to it, or so that the investment company might get its money out of the land. The deed so signed and delivered was an "open deed." On February 27, 1932, defendants contracted for purchase of said land from the investment company. As consideration therefor, according to the contract between the defendants and the investment company, which was offered in evidence but which was excluded on objection by plaintiff, there was an exchange of property, and the following is recited therein:

"It is hereby understood and agreed that the parties of the second part are to pay a difference of Thirty-three hundred and 00/100 Dollars ($3,300.00) which is to be evidenced by a note secured by first Deed of Trust on the first above described property, to be executed by the parties of the second part; same to be dated the date of the transfer of the Warranty Deeds, to be due three years after date, and to bear interest at the rate of six per cent per annum, payable semi-annually, and to be held by H. S. Smith Investment Company, *or assigns, or assume a balance of $3,300.00 on the Deed of Trust now on said first above described property.*"

(Defendants contend that the italicised portion of the contract is a forgery or alteration and was added thereto after same was signed, executed, and delivered.)

Defendants offered oral evidence to the effect that they signed the above mentioned contract and a note for $3300.00, payable to the investment company, together with a deed of trust securing said note, left all papers with the investment company and went immediately into possession of the land; that after they were in possession the warranty deed (which was in evidence here), and the contract, were received by them through the mail in one envelope; that they opened said envelope, saw what was in it, paid but little attention to the instruments, did not examine or read them, laid them away and paid no further attention to them until they were notified, in April, 1936, that plaintiff was threatening foreclosure; that they then took said papers to an attorney for advice and learned that the deed was not the deed they were to get; and that they never agreed at any time, with any one, that they would assume and pay the mortgage debt, or that the deed they were to receive should contain any assumption clause. They also offered oral and documentary

evidence, which was excluded, tending to prove that they had made some twenty-six payments on the $3300 note referred to in the aforementioned ''offer of evidence.''

The investment company was adjudged a bankrupt in 1935, and in March of 1936, after plaintiff began foreclosure proceedings under the Avitt deed of trust, defendants brought suit in Andrew county, which suit was tried in Nodaway county on change of venue, to prevent said foreclosure, to impound and cancel the Avitt note and deed of trust, and to clear the title of the real estate involved of the cloud of the mortgage. Plaintiff herein was joined in the Nodaway county case as defendant, together with W. C. Gow, trustee in the deed of trust, and LeRoy Mead, trustee in bankruptcy for H. S. Smith Investment Company. The petition alleged, as grounds for the relief prayed: that defendants (Hitchcocks) were owners of the property which is the subject of the deed of trust; that plaintiff claimed to own a note signed by the Avitts and secured by deed of trust thereon; that said deed of trust did not constitute any valid lien on said real estate because same had long since been destroyed by operation of law; and that all of defendants named therein, including plaintiff in the instant action, were fully aware of the facts stated in the petition. To that action plaintiff herein filed its separate answer and cross petition under date of May 4, 1936, wherein it generally denied the allegations of petition of defendants, claimed absolute ownership of the property (it having obtained title through foreclosure proceedings during the pendency of the action), and alleged: That defendants were unlawfully in possession; were insolvent; and were about to till the land and take the rents and profits. The prayer was for a receivership *pendente lite,* for judgment of title in plaintiff, and for a perpetual injunction restraining defendants from thereafter claiming title or possession, or interfering with the rights of absolute ownership as claimed by plaintiff. This cause was tried and the court rendered final judgment against defendants (the Hitchcocks) and in favor of plaintiff, from which judgment defendants duly appealed which said appeal is now pending so far as the record shows. These proceedings were all had long prior to the filing of the instant suit, and were pleaded and proved by plaintiff as a bar of the present action, it being their position that said judgment is *res adjudicata* of defendants' defense in this case. At least we conclude that to be their position, although both plaintiff and defendants appear, from the pleadings filed, to have been somewhat befogged in the whole matter; and they appear to have succeeded in confusing the court also.

From a consideration of all the pleadings and evidence in the case, as above set forth, we hold that the sole issue adjudicated in the Nodaway county proceeding was validity of the Avitt note and mortgage as a subsisting and outstanding lien against the real estate de-

scribed in the mortgage deed, and that plaintiff in the case at bar, (defendants there) were the legal owners of said note and mortgage and had the legal right to foreclose same. That was the sole issue in that case; and the final judgment rendered thereon, even though it was appealed, constitutes a final adjudication of that issue as between the parties. [Rodney v. Gibbs et al., 184 Mo. 1; Robb v. Taylor, 193 S. W. 800.]

In its petition in the instant case plaintiff pleaded a cause of action based on the allegation that defendants, by the warranty deed through which the Avitts conveyed the land to the latter, had assumed and agreed to pay the Avitt note. This vital allegation was put in issue by the general denial of defendants. [Cross v. Wears, 67 S. W. (2d), 517, l. c. 520.] Had the pleadings stopped at this point the issue would have been clear cut and well defined.

But defendants did not stop at that point. They proceeded to plead a counterclaim based on the same facts that had been finally adjudicated in the Nodaway county case. This led plaintiff to plead the Nodaway county proceedings as *res adjudicata* of defendants' counterclaim. Neither such pleading had any place in this case. We will proceed to a discussion of the alleged errors on the issue of defendants' assumption of the mortgage debt, the sole issue triable in this proceeding. The first question to be determined is that of whether or not error was committed by the court in sustaining the objection to the admission of the oral evidence of defendant, Milan Hitchcock, to the effect that he did not, in fact, assume and agree to pay the mortgage, even though the deed under which he obtained title contained a clause to that effect. It was held by the Supreme Court in Bensieck v. Cook, 110 Mo. 173, l. c. 186, that parol evidence is admissible to prove that a purchaser assumed and agreed to pay an outstanding mortgage debt on land conveyed to him. This doctrine has been reaffirmed, and has been extended so as to apply to a case where the deed of conveyance specifically recited that the purchaser took *subject* to an outstanding mortgage. [McFarland v. Melson, 20 S. W. (2d) 63, l. c. 66.] By analogy of reasoning it follows that a clause in the deed of conveyance which recites that grantee "assumes and agrees to pay" an outstanding mortgage may be disproved by oral evidence.

To establish that the purchaser assumed and agreed to pay an outstanding mortgage debt to which he was not a party, it must be shown that there was a meeting of the minds as between vendor and vendee on the subject, or there must be such a showing as will estop vendee from denying the existence of such an agreement. [McFarland v. Melson, *supra*, l. c. 67.]

On the question of whether defendants knowingly agreed to assume and pay the mortgage debt in this case, the evidence of grantor in the deed of conveyance is that he executed an "open deed," ap-

parently meaning that the name of the purchaser or grantee was not written therein. His transaction in this regard was wholly between himself and the investment company, and defendants are not shown to have had any knowledge thereof. If his evidence is to be taken as true .(and it must be so taken in ruling the instructed verdict) then there was and could have been no agreement as between grantor and defendants.

If we consider the investment company as the real grantor, then there is no evidence that defendants agreed with it that they would assume and pay said debt, other than the fact that the deed contained such a clause; the fact that the written contract of sale and exchange contained such a clause in the alternative; and that said deed was accepted and filed.

Defendants challenged the binding effect of the written contract on the grounds of forgery by alteration and addition, which they claimed was done without their knowledge or consent, after execution of the instrument. We think the contract could properly be attacked on such grounds.

It appears from the record that plaintiff tried its case on the theory that since the deed of conveyance, at the time same was delivered to defendants, contained an assumption clause, and that, since defendants accepted same and made no complaint for some four years thereafter, and then, with full knowledge of the contents of the deed, filed same for record and claimed title thereunder, they are irrevocably bound thereby. Under the evidence here introduced, and that offered and rejected, defendants are not irrevocably bound as a matter of law. The question presented was one for the jury.

This court has held through BLAND, J., in LaMonte Bank v. Crawford, 27 S. W. (2d) 762, 1. c. 764, ''Where the grantee's assent to the assumption clause is in issue, the mere recital in the deed that the grantee assumes and agrees to pay the mortgage debt, or the mere acceptance and recording of the deed by the purchaser, has been held not sufficient evidence of such assent.'' The author of the above opinion calls attention to a distinction between the cases as made in Johnson v. Maier, 187 S. W. 143, where the Springfield court held that, absent a showing that holder of the encumbrance had been misled to his injury thereby, defendant is not estopped to deny assumption of a mortgage debt even though he accepted the deed with full knowledge of the assumption clause and thereafter conveyed it. The question was whether defendant there *actually* assumed the debt; and that was a question for the jury. To the same effect see Citizens Bank v. Thomas, 214 Mo. App. 581, which is a case very similar to the case here under consideration. On the authority of the above, and many other cases in point which it is needless to cite, we hold that the question in this case is whether or not defendants actually

assumed and agreed to pay the mortgage debt; and that such question should have been submitted to the jury.

It is not necessary for us to comment on the evidence admitted, or that offered and rejected, other than to say that the rule to be followed in the admission or rejection of evidence in this case is the same as it is in any other case, that is, whether such evidence is admissible on the question of the issue of assumption and agreement to pay the mortgage debt; the weight of such evidence (including parol evidence), and the credibility of witnesses, is for the jury.

The judgment should be reversed and the cause remanded. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of Sperry, C., is adopted as the opinion of the court. The judgment is reversed and the cause remanded. *Shain, P. J.,* and *Bland, J.,* concur; *Kemp, J.,* not sitting because not a member of the court at time cause was argued and submitted.