251 S.W.2d 650 (1952)
STATE
v.
ELSEA.
No. 42930.
Supreme Court of Missouri, Division No. 2.
October 13, 1952.
Charles B. Fitzgerald, Unionville, for appellant.
J. E. Taylor, Atty. Gen., Julian L. O'Malley, Asst. Atty. Gen., for respondent.
TIPTON, Judge.
In the circuit court of Putnam County, Missouri, the appellant was found guilty of assault with intent to murder, and his punishment was assessed at imprisonment in the state penitentiary for two years.
On July 23, 1951, a lunatic warrant was issued by the probate judge of Putnam County, directing the sheriff of that county to arrest the appellant and convey him to State Hospital No. 2 at St. Joseph, Missouri.
On the same day the sheriff of Putnam County, Stillman Beary, and Keith Steele, as special deputy sheriff, went to the home of appellant for the purpose of arresting him and conveying him to the state hospital. While attempting to make the arrest the appellant grabbed his shotgun and shot Keith Steele in the leg. Finally the arrest was made and appellant was taken to the Putnam County jail.
The appellant's defense was that he was insane at the time of the assault. In support of this defense, appellant produced three physicians, Dr. Orr Mullinix, Superintendent at State Hospital No. 2, Dr. Horace Thomas and Dr. Willis H. McCann, both physicians at State Hospital No. 2. Briefly, these physicians testified that the appellant was suffering from a mental disease diagnosed as dementia praecox, paranoid type; that it had its inception approximately as far back as 1942; that it was chronic and continuing; and under the facts in evidence the appellant did not know the difference between right and wrong. However, Dr. Thomas testified on cross-examination that "you might some times catch him [when] he will" know right from wrong.
*651 Appellant produced a number of lay witnesses who testified as to his actions and conduct during various periods of his life and they gave as their opinions that he was of unsound mind.
In May 1946 the appellant was found to be insane after a proper hearing and was sent to State Hospital No. 1 at Fulton. The diagnosis of his mental condition at that time was dementia praecox, paranoid type. In June 1947 he was paroled for six months and in June 1948 he was discharged from his parole.
In September 1950 a sanity hearing was held in Putnam County and appellant was found to be insane. He was taken to State Hospital No. 2. In December 1950 he was paroled to the care of his father, even though the physician handling his case had not recommended such parole. No legal proceedings were had to restore the appellant to the status of a sane person. In fact, at the time this alleged crime was committed, the sheriff of Putnam County was trying to arrest the appellant under a warrant directing the sheriff to arrest him and deliver him to State Hospital No. 2.
Appellant contends that the court erred in giving instruction S-5 on behalf of the state. This instruction told the jury that the law presumes a person who has reached the years of discretion to be of sound mind, and this presumption continues until the contrary is shown, and the burden of proving the defense of insanity rests upon appellant. The state's own evidence shows that the appellant was insane at the time he shot Keith Steele. Steele was aiding the sheriff in trying to arrest the appellant because he had been adjudged insane, and the very purpose of the arrest was to convey appellant to a hospital for the insane. The evidence in this record shows that the appellant's insanity was chronic and continuing. Under these circumstances its continued existence will be presumed and the burden of establishing that he had a subsequent lucid interval at the time of the shooting is upon the state. State v. Lowe, 93 Mo. 547, 5 S. W. 889; State v. Peterson, Mo.Sup., 154 S.W.2d 134; State v. Stucker, 352 Mo. 1056, 180 S.W.2d 719. Under the facts in this record, instruction S-5 improperly placed the burden of proving insanity upon the appellant and, therefore, is erroneous.
Appellant contends that his motion for a directed verdict should have been sustained at the close of all the evidence. It is true that the state's evidence showed that appellant had been legally declared insane and that the officers were attempting to arrest him at the time of the assault for the purpose of transferring him to a hospital for the insane. Yet Dr. Thomas testified that "you might some times catch him [when] he will" know right from wrong. That is the legal test of the issue of whether the appellant was insane at the time of the assault upon Keith Steele. State v. Hardy, 359 Mo. 1169, 225 S.W.2d 693. Since the evidence shows that there may be times when this appellant knows the difference between right and wrong, we hold the trial court properly overruled appellant's motion for a directed verdict.
Appellant contends that the trial court erred in overruling his application for a change of venue based upon the prejudice of the inhabitants of Putnam County against him. This application was supported only by the affidavits of appellant and two citizens of that county. Section 545.490, RSMo 1949, V.A.M.S., provides that a petition for a change of venue "shall be supported by the affidavit of petitioner and the affidavit of at least two credible disinterested citizens of the county where said cause is pending and the truth of the allegations thereof shall be proved, to the satisfaction of the court, by legal and competent evidence, and the prosecuting attorney may in such case offer evidence in rebuttal of that submitted in support of such application; the court, or judge in vacation, shall fix the number of witnesses for which the state or county may be liable; * * *."
This section further provides that in all counties having a population of less than 75,000 inhabitants, which includes Putnam County, a petition for a change of *652 venue, supported by the affidavits of five or more credible disinterested citizens residing in different neighborhoods of the county where the case is pending, shall be sustained and a change of venue granted, "as of course, without additional proof." It is apparent at once that the appellant's application for a change of venue, with only two supporting affidavits and no additional proof, failed to meet the requirements of the statute and that the trial court did not err in overruling the same. State v. Liston, 318 Mo. 1222, 2 S.W.2d 780.
For the error in instruction S-5, this cause is reversed and remanded for a new trial.
All concur.