**MISSOURI HOME SAVINGS AND LOAN ASSOCIATION, Plaintiff-Respondent,**

v.

**Dennis O. ALLEN and Vivian H. Allen, Husband and Wife, Defendants-Appellants,**

and

**Max Fisher and Kathryn Fisher, Husband and Wife, and Standard Title Insurance Company, a Corporation, Defendants-Respondents,**

and

**American National Bank, Intervenor-Respondent.**

No. 54268.

Supreme Court of Missouri, Division No. 2.

March 9, 1970.

Motion for Rehearing or to Transfer to Court En Banc Denied April 13, 1970.

White & Dickey, Turner White, Springfield, for appellants.

Neale, Newman, Bradshaw & Freeman, Warren S. Stafford, Joseph A. Bohrer, Springfield, for defendants-respondents.

Daniel, Clampett, Ellis, Rittershouse & Dalton, B. H. Clampett, Springfield, for defendant-respondent, Standard Title Ins. Co.

LAURANCE M. HYDE, Special Commissioner.

Declaratory judgment to determine the order of sale of parcels of land on which plaintiff held a deed of trust, with a balance due of $40,982.45, June 1, 1968, the month of the trial. The trust deed on 160 acres was given by defendants Allen to secure a loan of $45,000. Thereafter, the west 80 acres were sold to Greene County Loan Co., Inc. by the Allens (with a small tract reserved). The land sold was partly platted in lots. Some payments on the $45,000 debt were made later when some of these lots were sold and released from the trust deed. When foreclosure became necessary, because of default by grantees, the Allens made demand on plaintiff, owner of the obligation secured, to first sell the west 80 acres and apply the proceeds to the debt claiming this sale would be sufficient to pay it. A demand was made by holders of subsequent liens on the west 80 acres for sale first of the Allens'

land, hereinafter called the east 80, invoking the principle of sale in the inverse order of alienation. The court did not accept either claim but ordered both tracts sold apportioning the debt to require 49.-447% of the original debt to be paid from the sale of Allens' east 80 and the balance to be paid from the sale of the unreleased part of the west 80. The Allens have appealed from this judgment.

Our jurisdiction of this case depends on the value in money of the relief to plaintiff or of the loss to defendants if the judgment is affirmed. Goodrich v. Rhodes, Mo.Sup., 251 S.W.2d 652, 654; Sunray DX Oil Company v. Lewis, Mo. Sup., 426 S.W.2d 44, 49; Aufderheide v. Polar Wave Ice & Fuel Co., 319 Mo. 337 (Banc), 4 S.W.2d 776, 793. The Allens say there is no contingency under the court's decree by which they could be relieved of a loss of $22,251.15, because they have to pay this amount regardless of the result of the foreclosure sale. They had evidence of value of the west 80 acres (partly platted in lots with streets) being as much as $80,000, affording support to their contention that if it was sold first it would bring enough to pay the whole mortgage debt. Furthermore, the land owned by Allens was valued at $44,750 by the court, and to prevent its foreclosure they have to pay $22,251.15 to keep it. In any event, the loss to Allens by court's refusal to accept their contention for sale of the west 80 acres first but instead requiring them to pay $22,251.15, regardless of the result of the foreclosure sale, is sufficient to place jurisdiction of this appeal in this court.

The facts were stipulated but there was some explanatory testimony by Mr. Allen and by plaintiff's president Mr. Love. The basis of Allens' claim for selling the west 80 first is that, after they mortgaged their land, 160 acres, to plaintiff, they sold the west 80 to Greene County Loan Co., Inc. for $65,000, under a contract providing: "Purchaser to assume $45,000.00 deed of

trust, held by Missouri Home Savings and Loan Association" (plaintiff herein). The final sentence of the contract was: "This agreement is also contingent upon Missouri Home approving the transfer of their deed of trust from sellers to purchaser." There was no such agreement made and plaintiff's president said he advised Allen "not to make this transaction." The transaction was completed but the deed from Allens to Greene County Loan after the description of the land recited: "Subject to a $45,000 deed of trust in favor of Missouri Home Savings & Loan Association." It was shown that after being informed that the transaction was completed plaintiff's president transferred its ledger card of the debt to Greene County Loan Co. He said: "D. O. and John came into the office and said that John was going to take these lots and sell them and pay off this mortgage. We never investigated the deed or the agreement. We merely transferred the card in the Greene County Loan Company because of convenience." The closing statement prepared by the president of Greene County Loan and given by him to Allen was as follows:

## "CLOSING STATEMENT

SELLER

| | Credit | Charge |
|---|---|---|
| Sale Price | $65,000.00 | |
| Loan Assumed | | $45,000.00 |
| Queen City Stock | | 1,800.00 |
| Equity VaKaShun Contract | | 6,153.00 |
| Interest | | 1,350.00 |
| Abstracting | | 17.75 |
| Revenue Stamps | | 22.00 |
| Taxes pro-rated at end of year | | |
| | $65,000.00 | $54,342.75 |

$65,000.00
 54,342.75
———————
$10,657.25"

———◆———

Grantees of Greene County Loan gave trust deeds on the west 80 to defendants Fisher and Standard Title and they would receive whatever amount the sale of the west 80 brings over the proportion of the first mortgage assessed against it. (The Allens claim there was no consideration for Standard's trust deed.) Fishers and Standard have filed briefs here arguing that the trial court's judgment should be affirmed.

Allens contend the court should have given effect to the assumption agreement in their contract with Greene County Loan and found their status to be sureties only with the right to insist on satisfaction of the debt from the west 80 as the property of their principal Greene County Loan. They cite 4 American Law of Property 299, § 16.128; 2 Wiltsie on Mortgage Foreclosure (5th Ed.) 1136, § 703; Nelson v. Brown, 140 Mo. 580, 41 S.W. 960; McFarland v. Melson, 323 Mo. 977, 20 S.W.2d 63, 66, all of which recognize the rule that an assumption agreement, as between the mortgagor and the grantee, makes the grantee the principal debtor and the mortgagor surety.

■ Respondent Standard argues the doctrine of merger "that where a deed has been executed and accepted as performance of an executory contract to convey real

estate, the contract is functus officio, and the rights of the parties rest thereafter solely on the deed." Artman v. O'Brien, Mo.App., 398 S.W.2d 24, 1. c. 26; see also Newmyer v. Williams, Mo.App., 245 S.W. 56; Barger v. Healy, 276 Mo. 145, 207 S.W. 499. However, this doctrine of merger does not apply to the consideration of the transaction, as to which parol evidence is admissible; and assumption of a mortgage is part of the consideration. See annotations 50 A.L.R. 1220; 84 A.L.R. 356; 143 A.L.R. 548. Therefore, as between the mortgagee, plaintiff herein, and Greene County Loan, Allens' grantee, parol evidence would be admissible to show that Greene County Loan assumed the mortgage debt. That was the situation in McFarland v. Melson, 20 S.W.2d, 1. c. 65, in which the mortgagee sought to show by parol evidence that the grantee of the mortgagor had assumed the mortgage debt. See also Gilmer v. Powell, Mo.App., 256 S.W. 124; Empire Trust Co. v. Hitchcock, 233 Mo.App. 581, 123 S.W.2d 565; Grace v. Gill, 136 Mo.App. 186, 116 S.W. 442; Bensieck v. Cook, 110 Mo. 173, 19 S.W. 642; Nelson v. Brown, supra.

■ It is said: "A mortgage assumption clause in a deed is not properly a part of the grant, and is not a covenant running with the land, but is a collateral undertaking, personal in nature, and contractual, relating to the consideration, and not relating to land." 59 C.J.S. Mortgages § 403, p. 569. Therefore, it may be established by parol evidence, which, however, must be clear and convincing. 59 C.J.S. Mortgages § 412, p. 589; McFarland v. Melson, supra; Hafford v. Smith, Mo.App., 369 S.W.2d 290. This rule is stated in 4 American Law of Property § 16.128 as follows: "Whether by the agreement there is an assumption of the mortgage, i. e., whether it creates a binding obligation on the purchaser to pay off the mortgage debt, depends upon principles of contract law. The contract need not be formal. The agreement may be contained solely in the deed of conveyance. On the other hand,

it 'may be made orally or in a separate instrument; it may be implied from the transaction of the parties, or it may be shown by circumstances under which the purchase was made, as well as by the language used in the agreement.' It must, however, be established by clear and unequivocal proof." See also Osborne on Mortgages 707–708 § 256.

■ In this case, Allens seek to go beyond their grantee Greene County Loan and impose obligations on their grantee's grantees lienors, who had no notice of any agreement between Allens and Greene County Loan except that stated in Allens' deed to Greene County Loan, namely "subject to a $45,000 deed of trust." "The land in such case is primarily liable as between the vendor and purchaser; and the vendor is liable for any deficiency after a foreclosure * * *." 2 Jones on Mortgages (8th Ed.) 294, § 933. Therefore, our view is that grantees or lienors of Greene County Loan properly could consider that all of the land mortgaged was liable for the payment of the mortgage debt. See 2 Wiltsie on Mortgage Foreclosure (5th Ed.) 1135, § 702. Under these circumstances, we consider that the court properly required both tracts of the mortgaged premises to contribute to the payment of the mortgage in proportion to their relative values. See Fullerton Savings Bank v. Des Granges, 44 Cal.App. 611, 186 P. 1052, 1054; Hooper v. Capitol Life Ins. Co., 92 Colo. 376, 20 P.2d 1011, 1014; Markham v. Smith, 119 Conn. 355, 176 A. 880, 884; Stuyvesant Security Co. v. Dreyer, 103 N.J.Eq. 457, 143 A. 616; Home Unity Savings and Loan Association to Use of Kallish v. Balmos, 192 Pa.Super. 542, 162 A.2d 244; 2 Pomeroy's Equity Jurisprudence 156, § 411; 4 Pomeroy 662, § 1222; Davenport v. Timmonds, 157 Mo.App. 360, 138 S.W. 349.

The trial court stated this view in a memorandum opinion, as follows: "With reference to the claim of the Allens, the Court notes that when they conveyed the

West 80 Acres, more or less, to Greene County Loan Company, they did so by deed and in so doing, the deed provided that such property was subject to the $45,000.00 deed of trust in favor of the plaintiff. There was nothing in said deed which provided that the grantee, Greene County Loan Company, Inc., assumed and agreed to pay said promissory note and deed of trust. However, defendants Allen have tendered proof that there was a prior agreement with Greene County Loan that Greene County Loan would assume and agree to pay said indebtedness. The Court finds no evidence that the other defendants in this action knew of such agreement or that they should have had knowledge because of any notice by recordation of any instrument. Defendants Allen were in a position to notify such parties when they executed the warranty deed, but this, they failed to do. If such had been done, then the Court is of the opinion that the Allens would be justified in their position that the West 80 Acres which were conveyed should first be sold to satisfy the deed of trust of the plaintiff."

Allens cite § 1225, Pomeroy's Equity Jurisprudence, which discusses situations in which the rule of sale in inverse order of alienation will not be applied. The sale ordered in this case is a modification of that rule. The statement in § 1225 on which Allens rely is as follows:

"Finally, whenever the equities of any original grantee towards the other parties have been fixed, either by the form of his deed, or by his own omissions or dealings, then any subsequent purchaser or encumbrancer from such grantee takes the parcel subject to the same equities which originally attached to it; the same equities follow the parcel in its devolutions.

"The equities among successive grantees, as determined by the general doctrine of the preceding paragraph, will therefore be disturbed in the following instances: 1. Whenever a grantee of any parcel either expressly assumes the payment of the mortgage, or his deed is of such a form that he takes the parcel conveyed to himself *subject to* the mortgage *as a part of the consideration,* then, as has already been shown, the parcel thus purchased becomes, in the hands of himself and of those holding under him, primarily chargeable with the mortgage debt as against the mortgagor-grantor, and consequently as against all subsequent grantees of other parcels from the mortgagor. By such an express or implied assumption, the doctrine of liability in the inverse order of alienation, and all of its consequences, are defeated with respect to the mortgagor and the subsequent grantees."

However, this must be considered with the following statement in § 1224, Pomeroy:

"Whenever the mortgagor conveys a portion of the land 'subject to' a mortgage by a warranty deed, and retains the residue of the land in his own hands, that portion of the land retained by the mortgagor becomes, as between himself and his grantee at all events, the fund primarily liable for the whole mortgage debt."

Since Allens' deed gave no notice of assumption of plaintiff's mortgage, subsequent grantees or lienors were entitled to rely on the provisions of their recorded deed. Therefore, we hold they have no equities over Fishers or Standard that require disapproval of the result reached by the trial court.

As to Allens' claim that there was no consideration for Standard's trust deed, because of the result we reach we agree with the statement of the trial court that Allens will not be concerned with determination of that issue, which some other party could raise.

The judgment is affirmed.

PER CURIAM:

The foregoing opinion by LAURANCE M. HYDE, Special Commissioner, is adopted as the opinion of the court.

All of the Judges concur.